1  TROUTMAN PEPPER HAMILTON SANDERS LLP
Luke N. Eaton (SBN 280387)
2  Email:  luke.eaton@troutman.com
Two California Plaza
3  150 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-3427
4  Telephone:  213.928.9800
Facsimile:  213.928.9850
5
6  Harris B. Winsberg (*pro hac vice* to be filed)
Email:  harris.winsberg@troutman.com
7  Alexandra S. Peurach (*pro hac vice* to be filed)
Email:  Alexandra.Peurach@troutman.com
8  Nathan T. DeLoatch (*pro hac vice* to be filed)
Email:  nathan.deloatch@troutman.com
9  600 Peachtree Street, NE, Suite 3000
Atlanta, GA 30308
10  Telephone:  404.885.3000
Facsimile:  404.885.3900
11
Attorneys for Secured Creditor
12  BAY POINT CAPITAL PARTNERS II, LP

13              UNITED STATES BANKRUPTCY COURT
        CENTRAL DISTRICT OF CALIFORNIA – Los Angeles Division
14

15  In re:                          Lead Case No. 2:21-bk-12663-ER

16  HOPLITE, INC., *et. al.*,        Chapter 11

17        Debtors and Debtors-in-Possession.   (Jointly Administered with:
                                     Case No. 2:21-bk-12546-ER)
18

19  _____

20  In re:                          **BAY POINT CAPITAL PARTNERS II,
                                     LP'S JOINDER IN XXIII CAPITAL
21  HOPLITE ENTERTAINMENT, INC.,     LIMITED'S MOTION FOR AN
                                     ORDER (I) CONVERTING THIS
22        Debtor and Debtor in Possession.   CHAPTER 11 CASE TO A CASE
                                     UNDER CHAPTER 7 OF THE
23  _____      BANKRUPTCY CODE, OR, IN THE
                                     ALTERNATIVE, (II) APPOINTING A
24  Affects:                         CHAPTER 11 TRUSTEE

25  ☒ ALL DEBTORS                    Hearing
                                     Date:    June 2, 2021
26  ☐ HOPLITE, INC.                  Time:    10:00 a.m.
                                     Place:   Courtroom 1568
27  ☐ HOPLITE ENTERTAINMENT, INC.,            255 E. Temple Street
                                              Los Angeles, CA 90012
28

TROUTMAN PEPPER HAMILTON SANDERS LLP
350 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CA 90071

116060770v1

Bay Point Capital Partners II, LP ("**Bay Point**"), by and through undersigned counsel, respectfully submits its Joinder in XXIII Capital Limited's Motion for an Order (I) Converting this Chapter 11 Case to a Case under Chapter 7 of the Bankruptcy Code, or, in the alternative, (II) Appointing a Chapter 11 Trustee ("**XXIII Motion**") (D.E. 39).  Additionally, Bay Point requests that the aforementioned relief also be granted against Hoplite, Inc. for the same reasons provided in the XXIII Motion and as set forth below.

## I.    RELEVANT FACTUAL BACKGROUND

### A.    Hoplite, Inc.'s and Hoplite Entertainment, Inc.'s Indebtedness to Bay Point.

Bay Point is a secured creditor of both Hoplite, Inc. ("**Hoplite**") and Hoplite Entertainment, Inc. ("**Hoplite Entertainment**") (Hoplite and Hoplite Entertainment are referred to, collectively, as the "**Debtors**") as a consequence of that certain *Loan and Security Agreement* dated September 30, 2020, pursuant to which Bay Point agreed to provide a loan to the Debtors in the principal amount of $2,000,000 with interest accruing each month (the "**Loan Agreement**").[1]  The Loan is evidenced by that certain *Promissory Note* dated September 30, 2020, which is also in the amount of $2,000,000 (the "**Note**").[2]  The Loan Agreement bore a maturity date of December 30, 2020.

As security for the Loan, Jonathan Smith ("**Smith**"), the principal of the Debtors,[3] executed that certain *Guaranty Agreement* dated September 30, 2020, through which Smith unconditionally guaranteed the Debtors' performance and payment under both the Loan Agreement and Note (the "**Guaranty**")[4] (the Loan Agreement, Note, and Guaranty are hereinafter referred to, collectively, as the "**Loan Documents**").  Under the Loan Documents, Bay Point was granted a broad "all asset" lien, which was perfected by timely filed UCC-1 financing statements against both Debtors.[5]

The Debtors and Smith are currently in default under the Loan Documents, and Bay Point

---

[1] *Bay Point Capital Partners II, LP v. Hoplite, Inc., et. al,* United States District Court for the Northern District of Georgia, Case No. 1:21-CV-00375-MLB (the "**Receivership Action**"), *Verified Am. Compl.* Ex. E (D.E. 31); XXIII Motion Ex. O.
[2] Receivership Action, *Verified Am. Compl.* Ex. F (D.E. 31).
[3] Smith is also the Debtor in a Chapter 7 case currently pending before this Court.  *See* Case No. 2:21-bk-12542-BR.
[4] Receivership Action, *Verified Am. Compl.* Ex. G (D.E. 31).
[5] Receivership Action, *Verified Am. Compl.* Ex. U (D.E. 31); XXIII Motion Ex. O (lien searches attached as Exhibit N).

TROUTMAN PEPPER HAMILTON SANDERS LLP
350 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CA  90071

1    has received **no payments** as required thereunder.  Consequently, as of their respective bankruptcy

2    filings, the Debtors owe Bay Point approximately $2,970,277.78 plus legal fees, costs, expenses

3    and other amounts due and owing under the Loan Documents, applicable law and/or contained in

4    Bay Point's *Verified Amended Complaint*.[6]

5    **B.**    **The Debtors' and Smith's Fraud.**

6         As set forth in the XXIII Motion and Bay Point's *Verified Amended Complaint*,[7] filed in

7    the Receivership Action [defined in note 1, *supra*], the Debtors and Smith engaged in a

8    comprehensive fraudulent scheme against Bay Point.  While the full extent of such fraud has not

9    yet been rooted out (due to the Debtors' and Smith's actions, *see infra*), it is incontrovertible that

10    the Debtors and Smith perpetrated numerous fraudulent acts upon Bay Point with respect to the

11    Loan Documents, including, but not limited to: (i) fabricating debt subordination agreements and

12    standby creditor agreements; (ii) materially altering and/or falsifying certain license agreements to

13    reflect certain accounts receivable that were, in actuality, non-existent or far below the purported

14    amount; (iii) concocting a ruse by which the Debtors and Smith led Bay Point to believe it was

15    communicating with a representative of Screen Media Ventures (a counter-party with the Debtors

16    to a certain licensing agreement), when, in fact, the purported "representative" was an imposter

17    with no affiliation to Screen Media Ventures; and (iv) providing Bay Point with fabricated ACH

18    and wire transfer confirmations purporting to show incoming payments to Bay Point that were

19    never received.[8]

20    **C.**    **The Receivership Action and Bankruptcy Filings.**

21         On January 22, 2021, Bay Point commenced the Receivership Action against the Debtors

22    and Smith (Debtors and Smith are hereinafter referred to, collectively, as the "**Defendants**") in the

23    United States District Court for the Northern District of Georgia, Atlanta Division (the "**District**

24    **Court**").  In the Receivership Action, Bay Point asserted claims for RICO violations, breach of

25    contract, fraudulent misrepresentation, unjust enrichment, and sought the appointment of receiver

26

27    ---

[6] Receivership Action *Verified Am. Compl.*; s*ee* XXIII Motion Ex. O & T.
[7] *See* XXIII Motion 9:5-10:4, 12:14-14:18.  *See generally id.*, Ex. O.

28    [8] *See id.*, Ex. K.

Troutman Pepper Hamilton Sanders LLP
350 South Grand Avenue, Suite 3400
Los Angeles, CA 90071

over both Hoplite and Hoplite Entertainment.[9]  On February 10, 2021, the District Court held an evidentiary hearing on Bay Point's *Emergency Motion for Appointment of Receiver* (the "**Receivership Motion**").  At the hearing, the District Court, Judge Brown, made the following finding as to fraud:

> I think there's lots of evidence of fraud. From what I've heard, I think this witness was very credible in what he said. I think there was the representations that were made in O, Exhibit O, particularly in regards to Big Media and Screen Media having an obligation at that time to pay were fraudulent.
>
> We know that's the case with Mr. Needle, because of what we see in the email in which he explains that Paragraph 2(c) was not even part of the agreement, or when he provides the agreement, it does not have that, so I think there's clear evidence of fraud right there by Mr. Smith.
>
> The sort of allegation, the overarching allegation, that they're owed about $3.4 million from three different companies and that that payment was fairly imminent, 30 to 60 days, I think is what the witness explained, I think that was a misrepresentation, a fraudulent misrepresentation, given the other things that I'll say.
>
> The false document I've already mentioned in Exhibit C provides a reason to find that there is fraud here.  The false ACH transfers that were provided in J and K provide reason to believe that there was fraud here.  The misleading document provided by Columbia State Bank, allegedly subrogating their claim, when you compare that to - - I think that's M and if you compare it to V, and you listen to what Ms. Godfrey said in her email and today, that it just simply was not signed by their people, yet it was presented by the defendant, I believe it was the defendant that provided that, right? It wasn't the intermediary, right? …
>
> The repeated statement that he would pay liens, tax liens after closing that were never done.
>
> The ruse that he concocted to allow Mr. Rierson to believe that he was speaking to Mr. Needle at Screen Media to validate what was owed, and then Mr. Rierson learns later that he never spoke to Mr. Needle and for all evidence never spoke to anybody at Screen, because the things that he was told by the alleged Screen representative, that was supposed to be Mr. Needle, were not true. And maybe that happened with the other two. We don't know. What

[9] XXIII Motion Ex. O.

TROUTMAN PEPPER HAMILTON SANDERS LLP
350 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CA  90071

TROUTMAN PEPPER HAMILTON SANDERS LLP
350 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CA 90071

we do know is that Mr. Smith set up that phone call, made the introduction, and did it for the purpose of misleading Mr. Rierson, and to the effect of misleading him.

Change of the terms in the forbearance agreement, that's maybe not fraudulent, because at least let the guy catch it, but it's pretty outside the realm of normal behavior. And the failure to give access to the financial statements, I think there's reason to believe there's fraudulent intent there.

So if you could address those issues for me, particularly the delta between what apparently Mr. Smith said and what actually wound up being true, I'd like to clear that issue first before we move on to what I think are more difficult issues. I don't think the fraud issue is a close call here.

I suspect if your client was here, he might be taking the Fifth, I don't know. But I suspect if he was on the witness stand, he might be doing that.[10]

Ultimately, the District Court recognized that Bay Point had shown sufficient evidence for the appointment of a receiver,[11] meaning Bay Point had shown: the existence of fraudulent activity on the part of the Defendants; that it possessed a valid claim to the Defendants' assets; there was an imminent danger of Bay Point's collateral being lost or diminished in value; legal remedies were inadequate to protect Bay Point's interests; and the appointment of a receiver would cause more good than harm.[12] Nevertheless, the District Court stopped short of granting such relief, and, instead, orally granted a preliminary injunction in Bay Point's favor that, among other things, (i) provided Bay Point access to the Defendants' financial records and (ii) enjoined the Defendants from diminishing or wasting Bay Point's collateral (i.e. all of the Debtors' assets). The District Court entered the corresponding order on February 11, 2021 (the "**Injunction Order**"), which provided further findings therein as to the Defendants' fraud.[13]

On March 16, 2021, Bay Point took Smith's deposition. During the deposition, Smith invoked his Fifth Amendment right against self-incrimination on more than 190 separate occasions. Astoundingly (and causing Bay Point justifiable concern), Smith invoked his Fifth Amendment

---

[10] *Id.*, Ex. K at 124:11-126:20
[11] *Id.*, Ex. K at 144:21.
[12] *Id.*, Ex. P.
[13] *See id.*, Ex. P at 3-5.

right in response to questions regarding, among other things: (i) inconsistencies found throughout the Debtors' financial statements; (ii) payments made by the Defendants to various corporate insiders, related parties, and other third parties, as shown in the Debtors' financial statements; (iii) whether Defendants had received any payments from their purported license agreements and, if so, the location of such funds; (iv) *whether Smith had produced all documents as required by the Injunction Order*; (v) *whether he had seen the Injunction Order*; (vi) *whether he believed he was restrained from certain conduct under the Injunction Order*; and (vii) the identity of professionals employed by the Defendants and the constitution and authority of the Debtors' board members.[14]

On March 24, 2021, the District Court held a renewed evidentiary hearing on the Receivership Motion. At the outset of the hearing, Judge Brown expressed that he was "very concerned that the injunction that I issued is not doing what it was supposed to do."[15] Judge Brown further simplified for the parties the purpose of the hearing by stating "did [Smith] show, in the last month or so, that he is incapable of operating within the terms of the injunction so that it provides a less restrictive remedy for [Bay Point]? *That is my simple issue here*."[16] Addressing this issue, Bay Point presented evidence showing that the Defendants (i.e. Smith, as the controlling principal) had violated the Injunction Order by, among other things, (a) failing to produce all documents as required and (b) through the unapproved use of the Defendants' assets by way of payments to (i) Smith, in his individual capacity, as "loan repayments" and for a trip to Puerto Rico and (ii) other insiders of the Debtors.[17] As the hearing progressed, it became increasingly clear that the presence of Smith was necessary in order to resolve the issue of the Defendants' failures to comply with the Injunction Order. Thus, the District Court adjourned the hearing and rescheduled it for March 31, 2021. The District Court also ordered Smith to appear in person at the March 31, 2021 hearing.[18]

However, on the evening of March 30, 2021, Smith, along with Hoplite Entertainment, filed their respective petitions for relief under the Bankruptcy Code, thus sheltering Smith from his obligation to "show cause" as to his failure to comply with the Injunction Order and any

TROUTMAN PEPPER HAMILTON SANDERS LLP
350 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CA 90071

---

[14] *Id.*, Ex. M at 28:21 – 34:5. *See generally id.*, Ex. L.
[15] *Id.*, Ex. M at 21:6-7.
[16] *Id.*, Ex. M at 39:10-14 (*emphasis added*).
[17] *Id.*, Ex. M at 34-36.
[18] *Id.*, Ex. M at 54-55; Receivership Action (D.E. 41). *See* XXIII Motion Ex. Q.

TROUTMAN PEPPER HAMILTON SANDERS LLP
350 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CA  90071

1  consequences resulting therefrom.  Notwithstanding, on March 31, 2021, the District Court held

2  the hearing, proceeding as to Hoplite only.  A true and correct copy of the Transcript of the March

3  31, 2021 Hearing ("**March 31 Tr.**") is attached hereto as **Exhibit A**.

4       During the hearing, Bay Point presented uncontroverted evidence that the Defendants were

5  still in violation of the Injunction Order due to their failure to provide the documents as required

6  thereunder and as directed by the District Court at the prior hearing.  Bay Point also proffered and

7  the District Court recognized that Smith was still acting as president of Hoplite and Hoplite

8  Entertainment and thus continued to exercise control over these entities.[19]  By the conclusion of the

9  hearing, the Defendants' (i.e. Smith's) failure to comply with the Injunction Order was

10 incontrovertible fact – a fact noted succinctly by Judge Brown in his remarks to Defendants'

11 counsel at the conclusion of the hearing: "[Q]uite frankly, Mr. Cohan, because I have been led to

12 believe that your client was going to do certain things that have not happened.  And I'm not

13 suggesting you misled me…But I believed people would do what they were supposed to do in

14 response to my orders, and I don't think they've done that."[20]  Consequently, the District Court

15 entered an order appointing a receiver over Hoplite.[21]  But, Hoplite, predictably only one day after

16 the District Court's appointing of a receiver, filed its own petition seeking relief under Chapter 11

17 of the Bankruptcy Code.

## II.    RELIEF REQUESTED

18      Bay Point joins the relief requested in the XXIII Motion.  Moreover, Bay Point, as a secured

19 creditor of both Hoplite and Hoplite Entertainment, requests that the relief sought in the XXIII

20 Motion be granted not only against Hoplite Entertainment but also against Hoplite because Smith

21 controls both entities.

22      A matter of significant import to Bay Point, in addition to the arguments raised in the XXIII

23 Motion, is the fact that Smith in effect remains in control of the Debtors.  This is improper given

24 that Smith has exhibited a complete disregard for both the rule of law and the authority bestowed

25 upon the courts.  This is clearly evidenced by the fraud he perpetrated against Bay Point, his

26

27 [19] March 31 Tr. at 11:13-22.
   [20] *Id*. at 14:24-15:5.
28 [21] XXIII Motion Ex. Q at D.E. 44.

1  complete disregard for the Injunction Order, and his cavalier approach to the Debtors' and his

2  respective bankruptcy Schedules and Statement of Financial Affairs.  Thus, Bay Point requests that

3  the Court convert these Chapter 11 bankruptcy cases to Chapter 7.

### III.    CONCLUSION

5  WHEREFORE, Bay Point respectfully requests entry of an Order (i) either (a) converting

6  the Chapter 11 cases of both Hoplite, Inc. and Hoplite Entertainment, Inc. to cases under Chapter

7  of the Bankruptcy Code, or, in the alternative, (b) appointing a Chapter 11 Trustee to oversee

Hoplite Inc. and Hoplite Entertainment, Inc.; and (ii) granting such other and further relief as is just

and proper.

Dated:        May 18, 2021                    TROUTMAN PEPPER HAMILTON
                                              SANDERS LLP


                                              By:    /s/ Luke N. Eaton
                                                  Luke N. Eaton (SBN 280387)
                                                  Two California Plaza
                                                  350 S. Grand Avenue, Suite 3400
                                                  Los Angeles, CA 90071-3427
                                                  Telephone:  213.928.9800
                                                  Facsimile:  213.928.9850

                                                  -and-

                                                  Harris B. Winsberg (*pro hac vice to be
                                                  filed*)
                                                  Alexandra S. Peurach (*pro hac vice to be
                                                  filed*)
                                                  Nathan T. DeLoatch (*pro hac vice to be
                                                  filed*)
                                                  600 Peachtree Street, NE, Suite 3000
                                                  Atlanta, GA 30308
                                                  Telephone:  404.885.3000
                                                  Facsimile:  404.885.3900
                                                  harris.winsberg@troutman.com
                                                  alexandra.peurach@troutman.com
                                                  nathan.deloatch@troutman.com

                                                  Attorneys for *Bay Point Capital Partners
                                                  II, LP.*

TROUTMAN PEPPER HAMILTON SANDERS LLP
350 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CA  90071

1

## DECLARATION OF HARRIS WINSBERG

2

I, Harris Winsberg, declare as follows:

3

4

1.      I am over the age of 18 years and am competent and qualified to execute this

declaration.

5

6

2.      I am a partner in the law firm of Troutman Pepper Hamilton Sanders LLP, counsel

7

to Bay Point Capital Partners II, LP ("**Bay Point**") in the bankruptcy cases of Hoplite

8

Entertainment, Inc., Hoplite, Inc., and Jonathan Lee Smith, as well as in *Bay Point Capital Partners*

9

*II, LP v. Hoplite, Inc., Hoplite Entertainment, Inc., and Jonathan Lee Smith*, Case No. 1:21-CV-

10

00375-MLB, in United States District Court for the Northern District of Georgia, Atlanta Division

11

(the "**Receivership Action**").

12

13

3.      I have reviewed *Bay Point Capital Partners II, LP's Joinder in XXIII Capital*

14

*Limited's Motion For An Order (I) Converting This Chapter 11 Case To A Case Under Chapter 7*

15

*Of The Bankruptcy Code, Or, In The Alternative, (II) Appointing A Chapter 11 Trustee* (the

16

"**Motion**") and make this Declaration in support thereof.

17

4.      I have personal knowledge of all of the facts set forth in this Declaration, and, based

18

on that personal knowledge, I assert that all facts are true and correct to the best of my knowledge.

19

20

5.      In the Motion, Bay Point relies upon the following document:

21

(a)      The transcript of March 31, 2021 Hearing in the Receivership Action

22

("**March 31 Tr.**").  A true and correct copy of the March 31 Tr. is attached hereto as **Exhibit A**.

23

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true

24

and correct.

25

Executed on May 18, 2021, at Atlanta, Georgia.

26

27

*Harris Winsberg*

Harris Winsberg

28

TROUTMAN PEPPER HAMILTON SANDERS LLP
350 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CA 90071

115952917v1

**Exhibit A**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BAY POINT CAPITAL PARTNERS        )
II, LP,                           )
                                  )
            Plaintiff,            )   CRIMINAL ACTION FILE
        v.                        )   NO. 1:21-CV-00375-MLB
                                  )
HOPLITE, INC. ET AL,              )
                                  )
            Defendants.           )
_____)

----------------------------------------------------------------

BEFORE THE HONORABLE MICHAEL L. BROWN
TRANSCRIPT OF PROCEEDINGS
MARCH 31, 2021
----------------------------------------------------------------

Proceedings recorded by mechanical stenography
and computer-aided transcript produced by

JANA B. COLTER, FAPR, RMR, CRR, CRC
Official Court Reporter
1949 U.S. Courthouse
75 Ted Turner Drive, SW
Atlanta, Georgia  30303
(404) 215-1456

2

```
1    APPEARANCES:

2
     For the Plaintiff:        HARRIS B. WINSBERG
3                              ALEXANDRA SPEAR PEURACH
                               CHRISTOPHER KELLEHER
4                              Attorneys at Law

5    For the Defendant:        LOUIS R. COHAN
                               FELISHA PATEL
6                              EMILY COHAN
                               Attorneys at Law
7
     For Porta Pellex:         JOHN ELROD
8                              Attorney at Law

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

1    (Atlanta, Fulton County, Georgia, March 31, 2021, in open

2    court.)

3                              −  −  −

4                    P R O C E E D I N G S

5                              −  −  −

6         THE COURT:  All right.  I am sorry to have kept

7    you-all waiting.  We get backed up and then it just keeps

8    rolling like that.

9         But we are here for *Bay Point Capital v. Hoplite,*

10   *Inc.*

11        May I get appearances starting with counsel for the

12   plaintiff?

13        MR. WINSBERG:  Good afternoon, Your Honor.  Harris

14   Winsberg, Alex Peurach and Chris Kelleher from Troutman Pepper

15   on behalf of the plaintiff.  Also in the courtroom today, Your

16   Honor, is Mr. Marshall Glade in the back.

17        THE COURT:  Okay.  Thank you.  And for the defendant?

18        MR. COHAN:  Louis Cohan, Your Honor, for Hoplite,

19   Inc.

20        THE COURT:  All right.  Well, I thought we were going

21   to have a lot going on --

22        Oh, yes.  Hi.

23        MR. ELROD:  Good afternoon, Your Honor.  It's

24   John Elrod of Greenberg Taurig, LLP, on behalf of two creditors

25   in the case, it's Porta Pellex, LLC and 23 Capital.  There are

1   two --

2          THE COURT:  Are they in this case?

3          MR. ELROD:  They're creditors -- interested parties,

4   creditors of the Hoplite entities.

5          THE COURT:  Okay.  Understood.

6          All right.  So tell me, it seems like we were going

7   to have one thing and then things changed last night when we

8   learned that certain entities had entered into bankruptcy.

9          I was hesitant to just call it all off, because it

10  wasn't clear to me that everybody had done that.

11         Do you want to address that, Mr. Cohan?

12         MR. COHAN:  I can, Your Honor.  Should I speak from

13  here?

14         THE COURT:  That's fine, yes.

15         MR. COHAN:  Your Honor, John Smith and

16  Hoplite Entertainment have entered into bankruptcies.  John

17  Smith's bankruptcy, I understand, is a Chapter 7.

18  Hoplite Entertainment's bankruptcy, I understand, is a Chapter

19  11.  Hoplite, Inc. has not yet entered into a bankruptcy, but I

20  do understand that that is imminent.

21         And I do think that given Mr. Smith's ownership

22  interest in Hoplite, Inc. that it is not possible to proceed

23  today without materially impacting Mr. Smith, and that would be

24  a violation of the automatic stay.

25         I realize there's no -- or at least -- I am not a

1  bankruptcy expert, but I understand there's no codebtor stay,

2  but I do think there is a concept of an overlap where there's a

3  material impact on the rights of a party who is in bankruptcy.

4          THE COURT:  Okay.  What do you say, Mr. Winsberg?

5          MR. WINSBERG:  Speaking for the bankruptcy lawyers

6  that are in the courtroom, as to Hoplite Entertainment and to

7  Mr. Smith, the case is stayed unless and until we go out to

8  California and ask for a leave from the automatic stay.

9          As to Hoplite, Inc., you know, we would have hoped

10 they just would have filed it and this would have made this

11 hearing much easier for Your Honor.  It is not subject to a

12 bankruptcy, it's not in, so the automatic stay does not apply

13 to moving forward as to Hoplite, Inc. today with respect to the

14 receivership.

15         If they want that, all they have to do is file the

16 petition.  We'd asked Mr. Cohan before the hearing to let us

17 know immediately if you file it.  He wrote the Court last night

18 and said that he expected it to be filed, but it hasn't filed.

19 And for all we know, it may never file.

20         And that's the concern we have, is that it may never

21 file, and we're stuck with a situation where Your Honor ordered

22 Mr. Smith to be in the courtroom.  He's not here.  We did try

23 to do some research for the Court last night and early this

24 morning and we found one case by Judge Forrester dealing with

25 some of these issues.  We need to do more on that.

1          But as far as Hoplite, Inc. is concerned, I don't

2 believe it's stayed and I believe Your Honor can go forward as

3 to Hoplite Inc. only.

4          THE COURT:  Well, it does seem to me as though

5 Hoplite, Inc. is still a viable entity here.

6          Which entity is it that you wanted the receiver

7 against?  All of them?

8          MR. WINSBERG:  Originally, it was against all of

9 them, because we didn't know who owned the collateral, so the

10 concern obviously is that the order hasn't been complied with.

11          I mean, it's unrebutted at this point that Mr. Smith

12 never produced his updated financials as required under your

13 February 11th order.

14          It's also -- you can take notice of the fact that we

15 got no additional bank statements, even from Hoplite, Inc.,

16 which isn't in bankruptcy that Your Honor ordered at the

17 hearing last -- on Wednesday.  And we went back and looked at

18 the transcript.  So there's no dispute that Hoplite, Inc. has

19 failed to comply with the order and the lesser remedy therefore

20 fails.  So Yes, Your Honor.

21          THE COURT:  I think that's pretty clear to me.  I

22 think I embraced wholly the idea that I have to look for less

23 restrictive means of doing this.  And I think we have done that

24 with great patience in tiny steps.

25          But, Mr. Cohan, I think they've made a good case, so

1  what you're asking me to do is to find today that there has --

2  as to Hoplite, Inc. that I will assign a receiver because that

3  has failed in regards to Hoplite, Inc.

4          Mr. Cohan, what do you say about that?

5          MR. COHAN:  Well, I say a few things.  First, again,

6  I think that that is a material infringement on the rights of

7  John Smith in violation of the automatic stay consistent with

8  his Chapter 7 bankruptcy.

9          Two, I say, as a practical matter -- and I realize

10 plaintiff and plaintiffs' lawyers are here asking for this

11 relief, but you have John Smith in a bankruptcy, you have

12 Hoplite Entertainment in a bankruptcy, and Hoplite, Inc., I

13 understand, will be filing a bankruptcy -- it's imminent

14 whatever that means.

15         And I don't -- and I think bankruptcy is effectively

16 a receivership and I don't know what purpose it serves.  And

17 frankly, I think you'll almost be doing plaintiff a favor if

18 you hold for a moment to see if, in fact, Hoplite, Inc. enters

19 bankruptcy in the next day or two.

20         Because otherwise, what are they going to do?

21 They're going to start spending money on a receivership.

22 They're going to go out to California.  They're going to start

23 gathering information.  And then there's going to be a

24 bankruptcy and they're going to have to deal with the

25 bankruptcy court anyway.

1        There aren't any assets, you've seen -- you've seen

2   the bank statements.  Mr. Smith literally on February 17th

3   overdrew his bank account with a $22.68 purchase at Wendy's.

4        THE COURT:  So where did the $2 million go?

5        MR. COHAN:  Well, we know exactly where the $2

6   million went.  It went out the door on September 30th, the same

7   day it came in.

8        THE COURT:  To where?  Do you know to where?

9        MR. COHAN:  It's all -- it's all in the documents

10  that have been produced and we talked about them a little bit

11  the last time we were here.

12       THE COURT:  But can somebody tell me where?

13       MR. KELLEHER:  We can pull it up.

14       MR. WINSBERG:  Yeah, it was in Mr. Glade's

15  declaration.  Do we have Mr. Glade's declaration?  It's in

16  Mr. Glade's declaration, Your Honor.

17       THE COURT:  Yes, I remember.  Off the top of my head,

18  I remember there was a bunch of money, one point something went

19  out immediately.

20       MR. COHAN:  But he's so broke.  Where did it go?  Did

21  it go to another Mr. Smith account?

22       MR. WINSBERG:  It went to multiple different places,

23  Your Honor.

24       MR. COHAN:  Some of the money, Your Honor, did go

25  from -- I can't remember if it was Inc. to Entertainment or

1  Entertainment to Inc.

2          MR. WINSBERG:  Yes.

3          MR. COHAN:  I think it came into Inc. and some went

4  to Entertainment, but then that money went out.  By the end of

5  the month, it was all gone.

6          THE COURT:  I know, but it being all gone is

7  different from it being really gone.

8          MR. WINSBERG:  So, Your Honor --

9          MR. COHAN:  Some of it went to Pedro for a -- his

10  entity, some of it went -- it just went out to -- out to --

11         THE COURT:  Can you just tell me where it went?

12         MR. KELLEHER:  Your Honor, may I approach?

13         THE COURT:  Sure.  Sure.

14         MR. KELLEHER:  This was done by Mr. Glade, but this

15  is a line-by-line breakdown of the $2.1 million that went out.

16         THE COURT:  Who is Lifeng Wang?

17         MR. WINSBERG:  We don't know, Your Honor, because

18  Mr. Smith took the Fifth as to the questions regarding --

19         THE COURT:  He got a million dollars.

20         Account 5731, what account is that?

21         MR. WINSBERG:  It's a Hoplite account, Your Honor.

22         THE COURT:  Hoplite or HLE SPV, I assume is a Hoplite

23  entity somewhere else?

24         MR. WINSBERG:  Correct, Your Honor.

25         THE COURT:  One Light Media, is that a

1  Hoplite-related entity?

2          MR. WINSBERG:  It's one of the board of directors,

3  Your Honor.

4          THE COURT:  And then John Smith.

5          MR. WINSBERG:  I mean --

6          THE COURT:  Okay.  Well, I mean, you know, this is

7  what I thought.  It's one thing to say it went out immediately,

8  but it's not like it went out to third parties from whom there

9  was a legitimate debt to.  It looks like he made it difficult

10 to come back and get, but who knows where it actually is.

11 Mr. Wang is probably -- I don't know.  I don't know if that's a

12 real person or not, but who knows.

13          All right.  What Mr. Cohan says is essentially --

14 well, I don't believe that I have to avoid receivership of

15 Hoplite, Inc. because of Mr. Smith's decision to enter

16 bankruptcy.

17          If there is some law that says I need to, I will

18 follow that law, but somebody needs to provide that to me.  It

19 is not apparent to me that an individual's bankruptcy filing

20 prevents action on a company that has not yet filed.  It seems

21 like it probably does not, but I could be surprised, and if I

22 were, that would mean something, but no one has brought that to

23 me.

24          Other than that, essentially what Mr. Cohan says --

25 and I don't mean to minimize it -- he says it's just not very

1  practical, because the money's not there, and bankruptcy is

2  imminent for the company and why bother wasting money and

3  effort when that's going to happen.

4        What does the plaintiff say about that?  Do you want

5  me to hold off and see if they enter bankruptcy?

6        MR. WINSBERG:  At this point, no, Your Honor, because

7  they may never do it.

8        THE COURT:  Okay.

9        MR. WINSBERG:  And the concern we have, Your Honor --

10  I mean, again, just to step back for a second.  Mr. Cohan talks

11  but there's no evidence.  We've had three evidentiary hearings,

12  and at this point, you shouldn't accept the representations.

13        I will note, Your Honor, Your Honor sat through two

14  hearings, including last week, Hoplite Entertainment's -- I

15  have a copy of their bankruptcy petition they filed yesterday.

16  Mr. Smith signs it as president.

17        And Mr. Cohan, himself, admitted at the last hearing

18  he's running the business, so if they file bankruptcy, we'll

19  deal with the bankruptcy case, but until then, if you leave him

20  in charge, he's going to continue to ignore the Court's order,

21  not comply with it and not even show up to explain himself,

22  so --

23        THE COURT:  Yes.  I did have an order on all of that.

24  And I think I have done enough to know that there is no other

25  remedy available, so I will grant that.

1          Will you-all provide me a proposed order?

2          MR. WINSBERG:  Yes, Your Honor.  We will prepare a

3 proposed order as to Hoplite, Inc. only.

4          THE COURT:  Okay.  If you get it to me tomorrow, I

5 will sign it tomorrow.

6          MR. WINSBERG:  Thank you, Your Honor.

7          MR. COHAN:  There is, of course, one other issue

8 which is a pretty big issue, and that's the Court's subject

9 matter jurisdiction.

10          THE COURT:  I have looked at that.  I want you to

11 know that I looked very hard at that.  And it may be that there

12 is a jurisdiction issue down the road.  I haven't heard from

13 the plaintiff.  They believe, I think from what I heard last

14 time, that there was -- they believe that they have an answer

15 to it.

16          MR. COHAN:  And I looked at the initial response,

17 Your Honor, and basically what it says is you could still

18 recover damages if they -- if it -- if whatever it is happens

19 after the agreement is signed, nobody says otherwise, but you

20 get to recover those damages because it's a breach of contract,

21 not because it's a fraud and --

22          THE COURT:  Right.  But Ms. Peruach -- am I saying it

23 right, Ms. Peruach?

24          MS. PEURACH:  Yes.

25          THE COURT:  Ms. Peruach had a response the other day

1  that had to do with the fraud.  I'm not sure I'm going to get

2  it right.  But I listened to what she said, I listened to what

3  you said.  I went back and I actually -- my law clerk and I

4  took some time to decide whether or not we thought this was

5  something that means we ought to apply the brake.

6          And if it was a personal jurisdiction primarily

7  motion, I might do that.  But this is a motion where you have

8  asked me to dismiss, and that in dismissing it, I would then

9  lose jurisdiction.

10          I think I have to wait until that briefing is done in

11  order to get there.  And then I went a step further and I said

12  well, is it so obvious to me, and while I might share some of

13  your concerns, you did not address the issues that she raised

14  when we were last here, which I think there's something there

15  to that.  Did you want to say anything about that?

16          MR. COHAN:  Judge, can I --

17          THE COURT:  You don't have to because I'm going to

18  give you the time to brief it.

19          MS. PEURACH:  Your Honor, you stated my position

20  correctly.  I'd only add that we did submit a short filing in

21  support --

22          THE COURT:  Yes.

23          MS. PEURACH:  -- of the subject matter jurisdiction

24  issue --

25          THE COURT:  Yes.

1          MS. PEURACH:  -- to give you a little bit more

2    background on our positions, but we will file a more fulsome

3    opposition to the motion.

4          THE COURT:  And I have talked to my law clerk.  I had

5    my law clerk look at this, and my law clerk and I have

6    continued to talk about it to make sure that there is not

7    something glaring that tells me at this moment I am without

8    jurisdiction.

9          MR. COHAN:  And, Judge, I'll say this that -- please,

10   there's no priority of the personal jurisdiction issue and the

11   subject matter jurisdiction issue other than one is 12(b)(1)

12   and one is 12(b)(2) and (3) on personal jurisdiction, but there

13   is no personal jurisdiction either.  And I think that's clear.

14          And there is evidence, and it's in the form of two

15   verified lengthy detailed complaints from the plaintiff in this

16   case, and a declaration or two that we've submitted, but

17   there's no personal jurisdiction.  I don't think there is any

18   subject matter jurisdiction.  And the full response is due, I

19   believe, on Wednesday of next week, so we're only a week away.

20          THE COURT:  I know, but time may be of the essence.

21   And there is something to that.  And we have delayed it because

22   of the need to be careful about whether there are less

23   restrictive means.

24          And quite frankly, Mr. Cohan, because I have been led

25   to believe that your client was going to do certain things that

```
 1   have not happened.  And I'm not suggesting you misled me.  I
 2   don't believe that in any way.
 3           But I believed people would do what they were
 4   supposed to do in response to my orders, and I don't think
 5   they've done that.
 6           So I'm not in a position where I think I have to wait
 7   any longer.  I will rule on the jurisdictional -- I don't know,
 8   but I think if I were to dismiss it, I think the plaintiffs
 9   would have a right to amend, if they wanted to, so I'm not --
10   and the reason I mention personal jurisdiction is simply
11   because there are cases where parties come in and they say you
12   don't have personal jurisdiction over me and then there is very
13   limited discovery that goes on at that point as to personal
14   jurisdiction.
15           But what you're asking me to do is to make a legal
16   conclusion as to the sufficiency of their pleading as to the
17   RICO count, so that's why I give you that, because it's just I
18   don't see anything that tells me that I need to put the brakes
19   on now, given what's happened so far.  Okay?
20           Anything else?
21           All right.  We will -- I will await your order, I
22   will review it and do what I should do.  Okay?
23           MR. WINSBERG:  Thank you, Your Honor.
24           MR. COHAN:  Thank you.
25           THE COURT:  Thank you.  Sorry to have kept you-all
```

1  waiting today.

2

3              (Whereupon, the proceedings were adjourned at 3:23

4  p.m.)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                          REPORTERS CERTIFICATE

2

3

4          I, Jana B. Colter, Official Court Reporter for the

5   United States District Court for the Northern District of

6   Georgia, with offices at Atlanta, do hereby certify:

7          That I reported on the Stenograph machine the

8   proceedings held in open court on March 31, 2021, in the matter

9   of Bay Point Capital Partners II, LP v. Hoplite, Inc. et al,

10  Case Number 1:21-CV-375; that said proceedings in connection

11  with the hearing were reduced to typewritten form by me; and

12  that the foregoing transcript (16 Pages) is a true and accurate

13  record of the proceedings.

14          This the 5th day of April, 2021.

15

16

17

18                          _____

                            /s/ Jana B. Colter, FAPR, RMR, CRR, CRC
19                               Official Court Reporter

20

21

22

23

24

25

                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF GEORGIA

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
Troutman Pepper Hamilton Sanders LLP, 600 Peachtree Street, NE, Suite 3000, Atlanta, GA 30308

A true and correct copy of the foregoing document entitled: **Joinder in XXIII Capital Limited's Motion for an Order (I) Converting this Chapter 11 Case to a Case Under Chapter 7 of the Bankruptcy Code, or, in the alternative, (II) Appointing a Chapter 11 Trustee** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) May 18, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Richard T Baum          rickbaum@hotmail.com, rickbaum@ecf.inforuptcy.com
- Tanya Behnam            tbehnam@polsinelli.com,
                         tanyabehnam@gmail.com;ccripe@polsinelli.com;ladocketing@polsinelli.com
- Eve H Karasik           ehk@lnbyb.com
- Kevin P Montee          kmontee@monteefirm.com
- Kelly L Morrison        kelly.l.morrison@usdoj.gov
- Aditi Paranjpye         aparanjpye@cairncross.com, gglosser@cairncross.com;AParanjpye@ecf.courtdrive.com
- Hamid R Rafatjoo        hrafatjoo@raineslaw.com, bclark@raineslaw.com
- Faye C Rasch            frasch@wgllp.com, kadele@wgllp.com;vrosales@wgllp.com;lbracken@wgllp.com
- United States Trustee (LA)   ustpregion16.la.ecf@usdoj.gov
- Hatty K Yip             hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov
- Philip A Gasteier       pag@lnbyb.com
- David Guess             guessd@gtlaw.com

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On May 18, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | | |
|---|---|---|
| Hatty K Yip<br>Kelly L Morrison<br>Office of the UST/DOJ<br>915 Wilshire Blvd., Suite 1850<br>Los Angeles, CA 90017 | Bay Point Advisors<br>3050 Peachtree Rd NW Ste 740<br>Atlanta, GA 30305-221 | Bond IT<br>1639 11th St #160<br>Santa Monica, CA 90404-3727 |
| Columbia Bank<br>1301 A St<br>Tacoma, WA 98402-4200 | Extreme Reach<br>75 2nd Ave Ste 720<br>Needham Heights, MA 02494-2826 | MBO Northwest<br>31620 23rd Ave S<br>Federal Way, WA 98003-5064 |
| OZE Lending<br>258 Vreeland Rd Ste 201<br>Florham Park, NJ 07932 | Porta Pellex<br>c/o Larson Law Firm<br>701 5th Ave Ste 4200<br>Seattle, WA 98104-7047 | Richard Peterson<br>13420 NE 83rd St<br>Redmond, WA 98052-1948 |
| Shain Wray | SMF Fund 1 | Camille Lebray |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| | | |
|---|---|---|
| 1153 S 229th Pl<br>Seattle, WA 98198-6969 | 13420 NE 83rd St<br>Redmond, WA 98052-1948 | 1456 Thompson Ave<br>Glendale, CA 91201-1228 |
| Greg Senner<br>3584 Gretchen Dr<br>Ocoee, FL 34761-0046 | Julie Daniels<br>140 Cameron Dr<br>Fort Lauderdale, FL 33326-3508 | Martine Jean<br>14921 Athel Ave<br>Irvine, CA 92606-2603 |
| Nigina Nayzamatova<br>10945 Bluffside Dr Apt 239<br>Studio City, CA 91604-4488 | Pedro Ferre<br>9903 Santa Monica Blvd # 400<br>Beverly Hills, CA 90212-1671 | Sarah Snow<br>210 SE Sells Dr<br>Shelton, WA 98584-7791 |
| Ruslan Magidov<br>1080 S La Cienega Blvd Ste 205<br>Los Angeles, CA 90035-2680 | Vanbarton Group LLC<br>100 Montgomery St Ste 1420<br>San Francisco, CA 94104-4317 | Affirm/Cross River Bank<br>885 Teaneck Rd<br>Teaneck, NJ 07666-4505 |
| BoDi - Hoplite<br>Jim Young Century Law Firm<br>2155 112th Ave NE<br>Bellevue, WA 98004-2912 | Chad Oliver / Charlie's Talent<br>565 Fairway View Dr Apt 1J<br>Wheeling, IL 60090-3830 | Daniel Bugbee<br>DBS Law<br>155 NE 100th St Ste 205<br>Seattle, WA 98125-8015 |
| Jamie Berland<br>Berland Cicerelli<br>2700 Patriot Blvd Ste 250<br>Glenview, IL 60026-8021 | Scratch<br>PO Box 411285<br>San Francisco, CA<br>94141-1285 | T Mobile/T-Mobile USA Inc<br>by American InfoSource as agent<br>PO Box 248848<br>Oklahoma City, OK 73124-8848 |
| Wells Fargo Bank, N.A.<br>Small Business Lending Division<br>P.O. Box 29482 MAC S4101-08C<br>Phoenix, AZ 85038-8650 | Internal Revenue Service<br>Attn. Insolvency<br>24000 Avila Road, Mail Stop 5503<br>Laguna Niguel, CA 92677-3405 | Employment Development Dept<br>Bankruptcy Group MIC 92E<br>PO BOX 826880<br>Sacramento, CA 95814 |
| Columbia State Bank<br>P. O. Box 2156; MS 6115<br>Tacoma, WA 98401 | VBG 6725 Sunset LLC<br>Vanbarton Group LLC<br>100 Montgomery St Ste 1420<br>San Francisco, CA 94104-4317 | Richard T Baum<br>Law Offices of Richard T. Baum<br>11500 West Olympic Boulevard<br>Suite 400<br>Los Angeles<br>Los Angeles, CA 90064-1525 |
| 23 Capital<br>19-20 Berners Street<br>London W1T 3NW<br>United Kingdom | Hoplite Entertainment, Inc.<br>506 North Croft Avenue<br>Los Angeles, CA 90048-2511 | Columbia State Bank c/o 2049<br>Century Park East Suite 2900 Suite<br>2900<br>Los Angeles, CA 90067 |
| VBG 6725 Sunset LLC c/o Montee<br>Law Firm, APC 1250-I Newell Ave.<br>Suite 149 Walnut Creek, CA 94596-<br>5305 | | |

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on May 18, 2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

| **VIA OVERNIGHT MAIL** | **VIA EMAIL** | **VIA EMAIL** |
|---|---|---|

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

| Honorable Ernest M. Robles<br>United States Bankruptcy Court<br>Central District of California<br>255 E. Temple Street, Suite 1560<br>Los Angeles, CA 90012 | ADITI N. PARANJPYE<br>aparanjpye@cairncross.com<br>JOHN R. RIZZARDI<br>jrizzardi@cairncross.com<br><br>*Attorneys for*<br>*One Light Media Capital, LLC* | Hatty K Yip<br>hatty.yip@usdoj.gov<br>Kelly L Morrison<br>kelly.l.morrison@usdoj.gov<br><br>*Attorneys for the U.S. Trustee* |
|---|---|---|
| **VIA EMAIL**<br>EVE H. KARASIK<br>EHK@LNBYB.COM<br><br>*Attorneys for Kyle Anderson* | **VIA EMAIL**<br>Kevin P. Montee, Esq.,<br>kmontee@monteefirm.com<br><br>*Attorneys for VBG 6725 Sunset LLC* | **VIA EMAIL**<br>Richard T Baum<br>rickbaum@hotmail.com<br><br>*Attorneys for the Debtors* |
| **VIA EMAIL**<br>Hamid Rafatjoo<br>hrafatjoo@raineslaw.com<br><br>*Attorneys for Great Point Media* | **VIA EMAIL**<br>Jeffrey Ian Golden<br>jgolden@wgllp.com | **VIA EMAIL**<br>Faye C Rasch<br>frasch@wgllp.com<br><br>Courtesy NEF |
| **VIA EMAIL**<br>Philip A. Gasteier<br>pag@lnbyb.com<br><br>Courtesy NEF | **VIA EMAIL**<br>David M. Guess<br>guessd@gtlaw.com<br>Ari Newman<br>newmanar@gtlaw.com<br><br>*Attorneys for XXIII Capital Limited* | |

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/18/21 | Nathaniel DeLoatch | /s/ Nathaniel DeLoatch |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**