**WEILAND GOLDEN GOODRICH LLP**
Jeffrey I. Golden, State Bar No. 133040
jgolden@wgllp.com
Reem J. Bello, State Bar No. 198840
rbello@wgllp.com
Sonja Hourany, State Bar No. 323457
shourany@wgllp.com
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

Proposed Counsel for the Official
Committee Of General Unsecured Creditors

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:21-bk-12663-ER |
| HOPLITE, INC., et al. ,<br><br>    Debtors and Debtor-in-Possession; | Chapter 11<br><br>(Jointly Administered with:<br>Case No. 2:21-bk-12546-ER)<br><br>**REQUEST FOR CONTINUANCE OF THE HEARING ON, OR IN THE ALTERNATIVE, OPPOSITION TO, XXIII CAPITAL LIMITED'S MOTION FOR AN ORDER (I) CONVERTING THIS CHAPTER 11 CASE TO A CASE UNDER CHAPTER 7 OF THE BANKRUPTCY CODE, OR, IN THE ALTERNATIVE, (II) APPOINTING A CHAPTER 11 TRUSTEE** |
| HOPLITE ENTERTAINMENT, INC.,<br><br>    Debtors and Debtors-in-Possession; | |
| Affects:<br><br>☐ ALL DEBTORS<br>☐ HOPLITE, INC.<br>☒ HOPLITE ENTERTAINMENT, INC. | **DATE:    June 2, 2021**<br>**TIME:    10:00 a.m.**<br>**CTRM:    1568**<br>    **255 E. Temple Street**<br>    **Los Angeles, CA  90012** |

The Official Committee of General Unsecured Creditors ("Committee") hereby files

its request for continuance of the hearing on, or in the alternative, opposition to ("Request

for Continuance"), the motion of secured creditor, XXIII Capital Limited ("23 Capital")

seeking entry of an order (i) converting the Chapter 11 case of Hoplite Entertainment, Inc.

(the "Debtor") to a case under Chapter 7 of title 11 of the United States Code, 11 U.S.C. §

1327317.1                                                                OPPOSITION

1  101 et seq., or, in the alternative, (ii) appointing a Chapter 11 trustee ("Motion"), and

2  respectfully represents as follows:

3

4  **I.    INTRODUCTION**

5          The Committee believes that a 30 day continuance of the hearing on the Motion is

6  appropriate in the instant case as the relief sought in the Motion is severe and

7  unwarranted in light of the advancements made by the Committee for the benefit of all

8  creditors, including 23 Capital.  In the Motion, 23 Capital asserts that conversion to

9  chapter 7 or appointment of a chapter 11 trustee is required, "so that an independent

10 fiduciary can administer and monetize estate assets for the benefit of creditors..." *See*

11 Motion at p. 2, lines 19-21.  In fact, the Committee has been researching a potential chief

12 restructuring officer ("CRO"), financial advisor and broker to facilitate the sale and/or

13 licensing of the Estate assets and the Debtor has agreed to employ these professionals.

14 Although the Committee is concerned about the allegations raised in the Motion, the

15 Committee believes that conversion to chapter 7 or appointment of a chapter 11 trustee is

16 premature.  The Committee believes that the appointment of knowledgeable professionals

17 is the best option to maximize the value of the Estate assets.  The Committee also

18 remains in serious and substantive discussions with 23 Capital regarding the relief sought

19 in the Motion.  As such, the Committee requests that the Court continue the hearing on

20 the Motion for 30 days, or in the alternative, deny the Motion.  The Committee also

21 reserves its rights to file a supplemental pleading prior to the hearing on the Motion with

22 respect to any developments that may arise.

23

24 **II.   COMMITTEE'S PROGRESS IN THE EMPLOYMENT OF PROFESSIONALS AND**

25      **MAXIMIZING THE VALUE OF ESTATE ASSETS**

26          Since its inception, the Committee has been working diligently to investigate the

27 assets of Debtor's estate ("Estate"), which consist of libraries of televisions shows,

28 programs and series ("Assets"), and to analyze the highest and best recovery to creditors

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1  from these Assets.  The Committee has also made tremendous progress in its

2  communications with Debtor regarding the employment of professionals and maximizing

3  the value of the Assets.  *See* ¶ 2 of attached declaration of Jeffrey I. Golden ("Golden

4  Declaration").

5      On April 29, 2021, the United States Trustee filed an appointment and notice of

6  appointment of committee of creditors holding unsecured claims of the Debtor.  Even

7  though the Committee has only been in existence for less than three weeks, the

8  Committee, since its appointment, has moved quickly to interview various professionals,

9  including a CRO, joint financial advisor to the Committee and Debtor, and a broker for the

10  sale and/or licensing of the Estate assets.  *See* ¶ 3 of Golden Declaration.  The

11  Committee have review potential CROs for the Debtor, a joint financial advisor to the

12  Debtor and the Committee ("Financial Advisor"), and SierraConstellation Partners

13  ("SierraConstellation") to serve as the broker for the sale and/or licensing of the Estate

14  assets.  *See* ¶ 4 of Golden Declaration.

15      The Committee has identified possible professionals experienced in financial

16  forensics, and insolvency matters and the financial advisors who would provide

17  specialized consulting in the areas of insolvency and restructuring, forensic technology

18  and accounting, fraud investigation, litigation support, receiverships, business

19  management, and back office accounting.  SierraConstellation is a national interim

20  management and advisory firm specializing in assisting companies facing difficult

21  business challenges.

22      SierraConstellation guides companies to achieve significant results through the

23  leveraging all of a company's assets to their full potential, creating solutions that sustain

24  companies for the long term, and not just quarter-to-quarter.  Winston Mar ("Mar") and

25  Miles Staglik ("Staglik") specifically from SierraConstellation will be employed by Debtor.

26  Mar is a partner and senior managing director at SierraConstellation and provides

27  advisory and interim management services to distressed companies.  Mar has assisted

28  numerous companies with their restructuring efforts, both out-of-court and during Chapter

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, CA 92626
Tel 714-966-1000   Fax 714-966-1002

11 proceedings. Mar will assist in setting strategic direction for the Debtor with respect to the sale and/or leasing of the Assets. Mar's experience spans a wide variety of industries, including advertising and marketing, energy, entertainment, computer products and services, food and agricultural products, consumer electronics, manufacturing, and restaurants. Staglik is a senior director at SierraConstellation and provides operational and financial restructuring and advisory services to both underperforming companies and companies in transition. Staglik has experience with in- and out-of-court restructurings, operational turnarounds, balance sheet restructurings, business cost rationalizations, identifying strategic opportunities, debt and equity capital raising, mergers and acquisitions, divestitures, and conducting financial modeling and forecasting. Staglik has worked in a variety of industries, including apparel, aerospace, consumer goods, distribution, food processing, restaurants, gaming, lodging and leisure, manufacturing, media and entertainment, publishing, retail and technology. The Debtor has agreed to seek employment of a CRO, Financial Advisor and SierraConstellation.

The Committee met with and vetted a significant number of professionals prior to analyzing possibilities of a CRO, Financial Advisor, and SierraConstellation with the Debtor. The Committee analyzed professionals based upon their expertise and met with these professionals prior to making recommendation to the Debtor. The Committee also facilitated and participated in a meeting between these professionals and the Debtor. *See* ¶ 5 of Golden Declaration.

The Committee expects that such professionals will quickly make recommendations with respect to the steps to be taken to maximize the value of the Assets, either through a sale and/or licensing, as well as other creative and strategic ways to maximize value for creditors of the Estate. As such, the Committee does not believe that conversion to chapter 7 and the appointment of a chapter 7 trustee will maximize the value of the Assets for the benefit of creditors at this time. Likewise, the Committee does not believe that the appointment of a chapter 11 trustee at this time will maximize value of the Assets for the benefit of creditors.

1327317.1

4

OPPOSITION

1

2  **III.    COMMITTEE'S INVESTIGATION INTO THE ASSETS AND INSISTENCE ON**

3         **THE PRESERVATION AND SAFEGUARDING OF THE ASSETS**

4         Despite the fact that the Committee has only been appointed for a short period of

5  time, the Committee has been going through its investigation at high speed and will

6  ensure transparency in its process.  In addition to the employment of professionals, the

7  Committee requested that Debtor provide proof of the location and safeguarding of the

8  Assets and immediately secure insurance on the Assets.  *See* ¶ 6 of Golden Declaration.

9  Debtor has complied with this request and provided the Committee with both the location

10  of the Assets and Debtor's progress to obtain insurance on the Assets.  *Id.*  In furtherance

11  of the Committee's investigation, the Committee has also requested documents and

12  information from the Debtor.  *See* ¶ 7 of Golden Declaration.  Specifically, the Committee

13  requested financial records, information and documentation regarding the ownership of

14  the Assets, non-debtor interests in the Assets and financial records of the Debtor

15  regarding income received from the Assets as well as income projections for the Assets.

16  *Id.*  The Committee has been vigilant in its investigation and analysis of the financial

17  transactions of the Debtor and is in the process of reaching out to various alleged secured

18  creditors as part of its investigation.  Debtor has expressed willingness to cooperate with

19  the Committee and provide the Committee with the financial records, information and

20  documentation requested.  The Committee is requesting a short continuance of the

21  hearing on the Motion and reserves the right to change its position upon further

22  investigation into the Debtor.

23

24

25

26

27

28

Weiland Golden Goodrich LLP

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

**IV.** **CONVERSION IS NOT IN THE BEST INTEREST OF THE CREDITORS OR THE ESTATE**

Committee asserts that it is premature and inappropriate to seek conversion of this Estate.  The Committee is concerned about the issues raised in the Motion with respect to the insider of the Debtor and the Committee will continue to work toward ensuring that the Assets are safeguarded, insured and that the professionals sought to be employed have full access to all of the information and documentation necessary in order to perform their duties to the Estate.

23 Capital has the burden of proof in seeking conversion of this case. *See In re Corona Care Convalescent Corp.*, 527 B.R. 379, 382 (Bankr. C.D. Cal. 2015) (*citing* 7 Resnick and Sommer, Collier on Bankruptcy, ¶ 1112.04[4] at 1112–22 (16th ed.2014), *citing In re Woodbrook Assocs.*, 19 F.3d 312, 317 (7th Cir.1994); *In re Citi–Toledo Partners*, 170 B.R. 602, 606 (Bankr. N.D. Ohio 1994) (*citing Grogan v. Garner*, 498 U.S. 279, 286, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991)).

In the Motion, 23 Capital seeks conversion of the instant case specifically based upon 11 U.S.C. §§ 1112(b)(4)(A) and (b)(4)(C).  Section 1112(b)(4)(C) provides that cause exists if there is a "failure to maintain appropriate insurance that poses a risk to the estate or to the public". *See* 11 U.S.C. § 1112(b)(4)(C).  The Committee understands the concerns of 23 Capital with respect to insurance on the Assets.  Indeed, shortly after the examination of the Debtor pursuant to 11 U.S.C. § 341(a) ("Meeting of Creditors"), the Committee requested that Debtor not only safeguard and insure the Assets, but also provide proof of the location of the Assets and proof of insurance on the Assets. *See* ¶ 6 of Golden Declaration.  Debtor has provided proof to the Committee of the location of the Assets and proof that Debtor has sought to obtain insurance on the Assets. *Id.*  Debtor has provided evidence that insurance on the Assets will be covered through Buffalo 8 Media once verification of the content of the servers which hold the Assets are established. *Id.*  As such, cause does not exist to grant the Motion and convert the case to chapter 7 pursuant to Section 1112(b)(4)(C).

1   Section 1112(b)(4)(A) provides that cause exists if there is "substantial or

2   continuing loss to or diminution of the estate and the absence of a reasonable likelihood of

3   rehabilitation". *See* 11 U.S.C. § 1112(b)(4)(A); *see also In re Bay Area Material Handling,*

4   *Inc.*, 76 F.3d 384 (9th Cir.1996) (unpublished); *In re Creekside Senior Apartments*, L.P.,

5   489 B.R. at 61. "The loss may be substantial or continuing. It need not be both in order to

6   constitute cause under § 1112(b)(4)(A)." *See In re Creekside Senior Apartments, L.P.*,

7   489 B.R. at 61 (citing 7 COLLIER ON BANKRUPTCY ¶ 1112.04[6] [a][i] (Alan N. Resnick

8   & Henry J. Sommer eds., 16th ed.2012)); *see also In re Hassen Imports Partnership*,

9   2013 WL 4428508 at *13 (9th Cir. BAP 2013) (unpublished).

10   "The substantial or continuing loss prong is demonstrated by a loss that will

11   "materially negatively impact the bankruptcy estate and the interest of creditors," or

12   "dwindling liquidity, or illiquidity resulting in unpaid postpetition debts which usually

13   constitute administrative expenses that will take priority over prepetition claims." 7

14   COLLIER ON BANKRUPTCY at ¶ 1112. 04 [6][a][i]; *see also In re Schriock Constr., Inc.*,

15   167 B.R. 569, 575 (Bankr.D.N.D.1994)("This element can be satisfied by demonstrating

16   that the debtor incurred continuing losses or maintained a negative cash flow position

17   after the entry of the order for relief."). To determine the existence of a continuing loss to,

18   or diminution of, the estate, the bankruptcy court must look beyond financial statements

19   and fully evaluate the present condition of a debtor's estate. *In re Motel Props., Inc.*, 314

20   B.R. 889, 894 (Bankr.S.D.Ga.2004)(*citing In re Moore Constr., Inc.*, 206 B.R. 436, 437–38

21   (Bankr.N.D.Tex.1997)).

22   Section 1112(b)(4)(A) also requires the bankruptcy court to find an absence of a

23   reasonable likelihood of rehabilitation. "The issue of rehabilitation for purposes of

24   § 1112(b)(4)(A) is not the technical one of whether the debtor can confirm a plan, but,

25   rather, whether the debtor's business prospects justify continuance of the reorganization

26   effort." *In re Wallace*, 2010 WL 378351 at *4 (Bankr. D. Idaho Jan. 26, 2010)(quotations

27   and citations omitted). "Rehabilitation is a different and much more demanding standard

28   than reorganization." *In re Creekside Senior Apartments, L.P.*, 489 B.R. at 61 (*citing In re*

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1  *Brutsche*, 476 B.R. 298, 301 (Bankr.D.N.M.2012) (*citing* 7 COLLIER ON BANKRUPTCY

2  at ¶ 1112.04[6][a][ii] )).

3      Moreover, even if the bankruptcy court finds that cause exists to grant relief under

4  Section 1112(b)(1), it must then: "(1) decide whether dismissal, conversion, or the

5  appointment of a trustee or examiner is in the best interest of creditors and the estate; and

6  (2) identify whether there are unusual circumstances that establish that dismissal or

7  conversion is not in the best interest of creditors and the estate." *In re Sullivan*, 522 B.R.

8  at 612 (*citing* § 1112(b)(1), (b)(2), and *Shulkin Hutton, Inc., P.S. v. Treiger (In re Owens)*,

9  552 F.3d 958, 961 (9th Cir.2009)). In choosing between dismissal or conversion, a

10  bankruptcy court must consider the interests of all creditors. *Id.* (*citing In re Owens*, 552

11  F.3d at 961). As such, if cause is established, the decision whether to convert or dismiss

12  the case falls within the discretion of the court. *See Mitan v. Duval (In re Mitan)*, 573 F.3d

13  237, 247 (6th Cir .2009);  *see also Nelson v. Meyer (In re Nelson)*, 343 B.R. 671, 675 (9th

14  Cir. BAP 2006)).

15      23 Capital asserts that "Debtor has no ongoing business operations from which to

16  generate cash and has not identified any accounts receivable". *See* Motion at p. 12, lines

17  1-2. Although Debtor may not be presently generating income from the Assets and as

18  such, does not have accounts receivable, Debtor may license the Assets and therefore,

19  generate a stream of income from the Assets. As set forth herein, the Debtor has agreed

20  to employ SierraConstellation, a broker for the sale and/or licensing of the Assets, who will

21  work to maximize the value of the Assets for the benefit of all of the creditors of the

22  Estate. Moreover, Debtor has now secured storage of the Assets and sought to obtain

23  insurance on the Assets. Therefore, the draconian relief sought in the Motion is not

24  necessary to prevent the diminution of the value of the Assets. The Committee has

25  secured the agreement of the Debtor with respect to all of the Committee's requests,

26  including employment of the CRO, who will serve as a fiduciary to the Estate. 23 Capital's

27  concerns regarding the "lack of trust and confidence in current management" (*See* Motion

28  at p. 12, lines 23-24), should be allayed by the proposed employment of the CRO. Given

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1  the advancements made by the Committee, the Committee does not believe that

2  conversion to chapter 7 is in the best interests of creditors, including 23 Capital.  The

3  Committee believes that remaining in Chapter 11 will increase any potential recovery to

4  creditors.  The Committee requests that the Court continue the hearing on the Motion for

5  30 days to allow the Committee and the professionals an opportunity to investigate the

6  Assets and determine the best course of action in this case.

7

8  V.    **APPOINTMENT OF A CHAPTER 11 TRUSTEE IS NOT IN THE BEST INTEREST**

9  **OF THE CREDITORS OR THE ESTATE AT THIS TIME**

10  Section 1104(a) of the Bankruptcy Code provides that:

11  (a) At any time after the commencement of the case but before
confirmation of a plan, on request of a party in interest or the

12  United States Trustee, and after notice and a hearing, the court
shall order the appointment of a trustee –

13  (1) for cause, including fraud, dishonesty, incompetence,
or gross mismanagement of the affairs of the debtor by

14  current management, either before or after the
commencement of the case, or similar cause, but not

15  including the number of holders of securities of the debtor
or the amount of assets or liabilities of the debtor; or

16  (2) if such appointment is in the interests of creditors, any
equity security holders, and other interests of the estate,

17  without regard to the number of holders of securities of
the debtor or the amount of assets or liabilities of the

18  debtor.

19  11 U.S.C. § 1104(a).

20  "The parties seeking appointment of a Chapter 11 trustee under 11 U.S.C.

21  § 1112(b)(1) and/or § 1104(a) have the burden of proving appropriate grounds exist for

22  such appointment by the preponderance of the evidence." *In re Corona Care*

23  *Convalescent Corp.*, 527 B.R. 379, 384 (Bankr. C.D. Cal. 2015) (citing 1 March, Ahart and

24  Shapiro, *California Practice Guide—Bankruptcy* ¶ 4:2001 at 4–144 (2014), *citing In re*

25  *William A. Smith Const. Co., Inc.*, 77 B.R. 124, 126 (Bankr. N.D. Ohio 1987) and *Grogan*

26  *v. Garner*, 498 U.S. 279, 286–291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991)).

27  "The appointment of a trustee is an extraordinary remedy and should be analyzed

28  on a case by case basis to determine whether 'cause' exists.  The movant seeking the

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1327317.1                              9                              OPPOSITION

1  appointment of a trustee bears the burden of proof." *In re Costa Bonita Beach Resort,*

2  *Inc.*, 479 B.R. 14, 44 (Bankr. D.P.R. 2012) (internal citation omitted). "It is the moving

3  party's burden to establish that there is cause to appoint a trustee, and absent a showing

4  of need for the appointment of a trustee, there is a strong presumption that the debtor

5  should be permitted to stay in possession." *Id.* (citing Alan N. Resnick & Henry J.

6  Sommer, 7 Collier on Bankruptcy ¶ 1104.02[3][b][i] (16th ed. 2012)). "This presumption is

7  based upon the general assumption that current management (debtor in possession) is

8  better able to run the business for the benefit of the creditors and the estate." *Costa*

9  *Bonita*, 479 B.R. at 44 (citing Tradex Corp. v. Morse, 339 B.R. 823, 826 (D. Mass. 2006);

10  *In re SunCruz Casinos, LLC*, 298 B.R. 821, 828 (Bankr. S.D. Fla. 2003)).

11  "The reference to gross mismanagement represents tacit recognition that some

12  degree of mismanagement exists in virtually every insolvency case and that mere

13  mismanagement does not, by itself, constitute cause." *Costa Bonita*, 479 B.R. at 44

14  (quoting Alan N. Resnick & Henry J. Sommer, 7 Collier on Bankruptcy ¶ 1104.02[3][c][i]

15  (16th ed. 2012) (internal quotation marks omitted).

16  As set forth above, the appointment of a chapter 11 trustee is an extraordinary

17  remedy.  The Committee has secured the Debtor's agreement to employ various

18  professionals who will ensure that the Assets are secured, insured and administered for

19  the maximum value to the Estate's creditors.  The appointment of a chapter 11 trustee at

20  this time will only cause delay to the advancements made by the Committee.  Therefore,

21  the Committee requests that the Court continue the hearing on the Motion for 30 days to

22  allow the Committee additional time to investigate the assets and liabilities of the Debtor,

23  to allow for the proposed professionals to get employed and to develop a strategy on how

24  to maximize the value of the Assets.

25

26  **VI.    JOINDER OF BAY POINT CAPITAL PARTNERS II, LP**

27  Bay Point Capital Partners II, LP ("Bay Point") filed a joinder in support of the

28  Motion requesting that the Court grant the relief requested in the instant bankruptcy case

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1  as well as in the jointly administered bankruptcy case of Hoplite, Inc.  The Committee

2  asserts that this request is procedurally improper and should be denied.  With respect to

3  the concerns raised by Bay Point regarding the insider's control over the Debtor, the

4  Committee asserts that the employment of the professionals and appointment of the CRO

5  will alleviate these concerns.  Moreover, as stated above, such drastic relief is not

6  necessary at this time as the Committee has moved swiftly to ensure that the Assets are

7  safeguarded and insured and that professionals are to be employed who will advise the

8  Debtor and the Committee on the best strategy to monetize the Assets and maximize the

9  value of the Assets for the benefit of all creditors.  If the Court is inclined, however, to

10  appoint a chapter 11 trustee in the instant bankruptcy case, then the Committee asserts

11  that a chapter 11 trustee should likewise be appointed in the jointly administered

12  bankruptcy case of Hoplite, Inc.

13

14  **VII.**    <u>**CONCLUSION**</u>

15       For the reasons set forth herein, the Committee respectfully requests that the Court

16  continue the hearing on the Motion for 30 days with respect to the appointment of a

17  trustee in <u>both</u> cases, or in the alternative, deny the Motion without prejudice.

18                                              Respectfully submitted,

19  Dated:  May 19, 2021                        WEILAND GOLDEN GOODRICH LLP

20
                                               By: _____
21                                                  JEFFREY I. GOLDEN
                                                    REEM J. BELLO
22                                                  SONJA M. HOURANY
                                                    Proposed Counsel for the Official
23                                                  Committee of Creditors Holding
                                                    Unsecured Claims
24

25

26

27

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1327317.1                              11                                  OPPOSITION

## DECLARATION OF JEFFREY I. GOLDEN

I, Jeffrey I. Golden, declare as follows:

1.      I am an attorney at law duly licensed to practice before this Court.  I am a member of the law firm of Weiland Golden Goodrich LLP, proposed counsel of record for the Committee in this action.  I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.  Capitalized terms in this declaration shall have the same meaning set forth in the Request for Continuance.

2.      The Committee has also made tremendous progress in its communications with Debtor regarding the employment of professionals and maximizing the value of the Assets.

3.      Even though the Committee has only been in existence for less than three weeks, the Committee, since its appointment, has moved quickly to interview various professionals, including CROs, joint financial advisors to the Committee and Debtor, and brokers for the sale and/or licensing of the Estate assets.

4.      The Committee met with and vetted a significant number of professionals such as CROs, Financial Advisors, and brokers and SierraConstellation to the Debtor. The Committee identified professionals based upon their expertise and met with these professionals prior to communications with the Debtor.  The Committee also facilitated and participated in a meeting between these professionals and the Debtor.

5.      Despite the fact that the Committee has only been appointed for a short period of time, the Committee has been going through its investigation at high speed and will ensure transparency in its process.  Shortly after the Meeting of Creditors, the Committee requested that Debtor not only safeguard and insure the Assets, but also provide proof of the location of the Assets and proof of insurance on the Assets.  Debtor has complied with this request and provided the Committee with both the location of the Assets and Debtor's progress to obtain insurance on the Assets.  Debtor has provided

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626-1002
Tel 714-966-1000  Fax 714-966-1002

1  evidence that insurance on the Assets will be covered through Buffalo 8 Media once

2  verification of the content of the servers which hold the Assets are established.

3      6.      In furtherance of the Committee's investigation, the Committee has also

4  requested documents and information from the Debtor.  Specifically, the Committee

5  requested financial records, information and documentation regarding the ownership of

6  the Assets, non-debtor interests in the Assets and financial records of the Debtor

7  regarding income received from the Assets as well as income projections for the Assets.

8      I declare under penalty of perjury that the foregoing is true and correct.

9      Executed on this 19th day of May, 2021, at Costa Mesa, California.

10

11

12  _____
                    JEFFREY I. GOLDEN

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1327317.1                          13                          OPPOSITION

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**650 Town Center Drive, Suite 600, Costa Mesa, California 92626**

A true and correct copy of the foregoing document entitled (*specify*):  **REQUEST FOR CONTINUANCE OF THE HEARING ON, OR IN THE ALTERNATIVE, OPPOSITION TO, XXIII CAPITAL LIMITED'S MOTION FOR AN ORDER (I) CONVERTING THIS CHAPTER 11 CASE TO A CASE UNDER CHAPTER 7 OF THE BANKRUPTCY CODE, OR, IN THE ALTERNATIVE, (II) APPOINTING A CHAPTER 11 TRUSTEE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On (*date*) **May 19, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

[X] Service information continued on attached page

**2.    SERVED BY UNITED STATES MAIL**:
On (*date*) **May 19, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows.  Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

[X] Service information continued on attached page

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served)**:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **May 19, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

The Honorable Ernest Robles, 255 E. Temple Street, Los Angeles, CA  90012

[ ] Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| May 19, 2021 | Kelly Adele | |
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
0.0

**F 9013-3.1.PROOF.SERVICE**

## SERVICE LIST

Hoplite, Inc.
506 North Croft Avenue
Los Angeles, CA  90048
**Debtor**

Richard T. Baum
Law Offices of Richard T. Baum
11500 W. Olympic Boulevard, Suite 400
Los Angeles, CA  90064
**Attorneys for Debtor**

Bay Point Advisors
3050 Peachtree Road NW, Ste 740
Atlanta, GA  30305

Luke N. Eaton
Troutman Pepper Hamilton Sanders LLP
Two California Plaza
150 South Grand Avenue, Suite 3400
Los Angeles, CA  90071
**Attorneys for Bay Point Capital Partners II, LP**

Harris B. Winsberg
Alexandra S. Peurach
Nathan T. DeLoatch
600 Peachtreet Street, NE, Suite 3000
Atlanta, GA  30308
**Attorneys for Bay Point Capital Partners II, LP**

XXIII Capital Limited
19-20 Berners Street
London W1T 3NW
United Kingdom

David M. Guess, Esq.
Greenberg Traurig, LLP
18565 Jamboree Road, Suite 500
Irvine, CA  92612
**Attorneys for XXIII Capital Limited**

Ari Newman, Esq.
Greenberg Traurig, P.A.
333 S.E. 2nd Avenue, Suite 4400
Miami, FL  33131

**Attorneys for XXIII Capital Limited**


OZE Lending 1 LLC/ Michael Miller
258 Freeland Road
Florham Park, NJ  07932

Ted Berkowitz

Moritt Hock & Hamroff LLP
1407 Broadway
New York, NY 10018
Attorney for OZE Lending 1 LLC

Richard Peterson
12837 NE 73rd Street
Kirkland, WA 98033

Daniel Bugbee
155 NE 100th Street, Suite 205
Seattle, WA 98125
**Attorneys for Richard Peterson**

**<u>Electronic Mail Notice List</u>**
Richard T Baum    rickbaum@hotmail.com, rickbaum@ecf.inforuptcy.com
Tanya Behnam    tbehnam@polsinelli.com,
tanyabehnam@gmail.com;ccripe@polsinelli.com;ladocketing@polsinelli.com
Luke N Eaton    eatonl@pepperlaw.com, jacqueline.sims@troutman.com
Philip A Gasteier    pag@lnbrb.com
Eve H Karasik    ehk@lnbyb.com
Kevin P Montee    kmontee@monteefirm.com
Kelly L Morrison    kelly.l.morrison@usdoj.gov
Aditi Paranjpye    aparanjpye@cairncross.com,
gglosser@cairncross.com;AParanjpye@ecf.courtdrive.com
Hamid R Rafatjoo    hrafatjoo@raineslaw.com, bclark@raineslaw.com
Faye C Rasch    frasch@wgllp.com, kadele@wgllp.com;vrosales@wgllp.com;lbracken@wgllp.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Hatty K Yip    hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov