CAIRNCROSS & HEMPELMANN, P.S.
ADITI N. PARANJPYE (State Bar No. 302117)
524 Second Avenue, Suite 500
Seattle, WA 98104
Telephone: 206-587-0700
Facsimile: 206-587-2308
Email: aparanjpye@cairncross.com
Attorneys for One Light Media Capital, LLC

UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>HOPLITE, INC.,<br><br>Debtor. | Lead Case No. 2:21-bk-12663-ER<br><br>Chapter 11<br><br>(Jointly Administered with:<br>Case No. 2:21-bk-12546-ER) |
| In re:<br><br>HOPLITE ENTERTAINMENT, INC.,<br><br>Debtor and Debtor-in Possession. | **ONE LIGHT MEDIA CAPITAL LLC'S RESPONSE TO XXIII CAPITAL LIMITED'S MOTION FOR AN ORDER (I) CONVERTING THIS CHAPTER 11 CASE TO A CASE UNDER CHAPTER 7 OF THE BANKRUPTCY CODE, OR, IN THE ALTERNATIVE, (II) APPOINTING A CHAPTER 11 TRUSTEE** |

One Light Media Capital, LLC ("**One Light**"), by and through undersigned counsel, Cairncross & Hempelmann, P.S., files this response to XXIII Capital Limited's Motion for an Order (I) Converting this Chapter 11 Case to a Case Under Chapter 7 of the Bankruptcy Code, or, in the Alternative, (II) Appointing a Chapter 11 Trustee, ECF No. 39, (the "**Motion**"). The response is based on the Declaration of Gary Danklefsen (the "**Danklefsen Decl.**").

ONE LIGHT MEDIA CAPITAL LLC'S RESPONSE TO XXIII
CAPITAL LIMITED'S MOTION FOR AN ORDER (I) CONVERTING
THIS CHAPTER 11 CASE TO A CASE UNDER CHAPTER 7 OF THE
BANKRUPTCY CODE, OR, IN THE ALTERNATIVE, (II)
APPOINTING A CHAPTER 11 TRUSTEE - 1
{04204300.DOCX;3 }

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

One Light and its principal, Gary Danklefsen[1], are creditors of the Debtors, and since 2017 have provided numerous financing and programming opportunities for the Debtor to expand its business model of producing successful reality television shows. The Debtor currently has interest in several television productions that are in various states of production (the "**TV Library**"). The Debtor has estimated the value of the TV Library to be $38.5 million. *See* Docket No. 17 at 2. Based on Mr. Danklefsen's experience, the value of the new and post-production content could exceed $15 million. Danklefsen Decl., at ¶ 3.

Section 1112(b)(1) provides that if the Court finds "cause" as defined under Section 1112(b)(4), the Court must order one of three things: conversion to Chapter 7, dismissal, appointment of a trustee or examiner as contemplated under Section 1104(a). Section 1112(b)(1) establishes a two-step process, the first is a determination of whether "cause" exists, and the second is a balancing test based on the best interest of creditors and the estate. *In re AVI, Inc.,* 389 B.R. 721, 729 (B.A.P. 9th Cir. 2008) (citing *In re Nelson,* 343 B.R. 671, 675 (B.A.P. 9th Cir. 2006))

One Light recognizes the seriousness of the allegations against Mr. Smith, and shares those parties' concerns that in light of those allegations, Mr. Smith's continued role is not in the best interest of creditors.[2] However, if the Court does find that "cause" exists pursuant to Section 1112(b)(1), One Light requests that the Court order the appointment of a trustee under Section 1104(a) rather than conversion to Chapter 7 for multiple reasons.

---

[1] Gary Danklefsen was a board member of Debtor Hoplite Entertainment, until he resigned his position in March 2021, prior to the board authorizing this Chapter 11 filing. In addition based on One Light's role with Hoplite, it is entitled to profits upon the sale of assets held by Hoplite, including assets included in the TV Library.

[2] One Light and Mr. Danklefsen reserves their rights to address any and all allegations against them at the appropriate juncture. For purposes of this Motion, the parties will focus on allegations against the Debtor and its principal that provide the basis for the Motion.

ONE LIGHT MEDIA CAPITAL LLC'S RESPONSE TO XXIII CAPITAL LIMITED'S MOTION FOR AN ORDER (I) CONVERTING THIS CHAPTER 11 CASE TO A CASE UNDER CHAPTER 7 OF THE BANKRUPTCY CODE, OR, IN THE ALTERNATIVE, (II) APPOINTING A CHAPTER 11 TRUSTEE - 2
{04204300.DOCX;3 }

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

First, much like Section 1112(b)(1), Section 1104(a) focuses on "the interests of creditors" in determining whether to appoint a Chapter 11 Trustee. Here, One Light believes that the Library has significant value that will be realized best by a Chapter 11 Trustee who can bring expertise in assets similar to the Library Assets and take steps to preserve and thoroughly market the Library Assets in a manner that will maximize value for the benefit of *all* creditors. Danklefsen Decl. at ¶4.[3] A quick, immediate liquidation by a Chapter 7 Trustee would only serve the interests of a few creditors and risk the sale of the Library Assets for far less than its potential value. *Id.* Meanwhile, a Chapter 11 Trustee would ease XXIII and other creditor concerns about Mr. Smith's continued involvement with the Debtor (or the involvement of other insiders) while continuing a process to market and sell the Library Assets in a manner that will provide the maximum potential recovery to creditors and potentially equity holders like One Light who have invested millions into the Debtor.

Second, based on its experience with the Library Assets and with the industry at large, One Light believes that if an experienced, independent Chapter 11 Trustee is appointed, that multiple lenders would be willing to engage in discussions to provide Debtor-in-Possession financing given the potential value of the Library Assets. *See* Danklefsen Decl. at ¶5. That financing would obviate XXIII Capital's concern (as well as concerns shared by other creditors) that the estate has no active business operations or funds to run a Chapter 11 sales process. It would be in the best interest of all creditors to appoint an experienced Chapter 11 Trustee and

---

[3] One Light has reviewed the Request for Continuance filed by the Unsecured Creditors' Committee [Docket No. 43]. The Committee advocates for the appointment of a CRO to facilitate the marketing and sale of the TV Library. One Light is open to the Committee's efforts and hereby reserves its rights herein to support the appointment of a CRO based on facts presented at the hearing.

ONE LIGHT MEDIA CAPITAL LLC'S RESPONSE TO XXIII CAPITAL LIMITED'S MOTION FOR AN ORDER (I) CONVERTING THIS CHAPTER 11 CASE TO A CASE UNDER CHAPTER 7 OF THE BANKRUPTCY CODE, OR, IN THE ALTERNATIVE, (II) APPOINTING A CHAPTER 11 TRUSTEE - 3
{04204300.DOCX;3 }

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington  98104-2323
office 206 587 0700   fax 206 587 2308

allow them to investigate the possibility of DIP financing before electing the remedy of a hurried liquidation that is unlikely to maximize value.

DATED this 19th day of May, 2021.

CAIRNCROSS & HEMPELMANN, P.S.

/s/ *Aditi N. Paranjpye*
Aditi N. Paranjpye, CA State Bar No. 302117
E-mail: aparanjpye@cairncross.com
524 Second Avenue, Suite 500
Seattle, WA 98104-2323
Telephone: (206) 587-0700
Facsimile: (206) 587-2308
Attorneys for One Light Media Capital, LLC

ONE LIGHT MEDIA CAPITAL LLC'S RESPONSE TO XXIII CAPITAL LIMITED'S MOTION FOR AN ORDER (I) CONVERTING THIS CHAPTER 11 CASE TO A CASE UNDER CHAPTER 7 OF THE BANKRUPTCY CODE, OR, IN THE ALTERNATIVE, (II) APPOINTING A CHAPTER 11 TRUSTEE - 4
{04204300.DOCX;3 }

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308