David M. Guess, Esq. (SBN 238241)
GREENBERG TRAURIG, LLP
18565 Jamboree Road, Suite 500
Irvine, California  92612
Telephone: (949) 732-6500
Facsimile: (949) 732-6501
Email: guessd@gtlaw.com

Ari Newman, Esq. (admitted *pro hac vice*)
GREENBERG TRAURIG, P.A.
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0868
Facsimile: (305) 579-0717
Email: newmanar@gtlaw.com

*Attorneys for Creditor XXIII Capital Limited*

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>HOPLITE, INC., *et. al.*,<br><br>Debtors and Debtors-in-Possession. | Lead Case No. 2:21-bk-12663-ER<br><br>Chapter 11<br><br>(Jointly Administered with:<br>Case No. 2:21-bk-12546-ER) |
| In re:<br><br>HOPLITE ENTERTAINMENT, INC.,<br><br>Debtor and Debtor-in-Possession. | **CORRECTED[1] DECLARATION OF DAVID O'CONNOR IN SUPPORT OF MOTION FOR AN ORDER (I) CONVERTING THIS CHAPTER 11 CASE TO A CASE UNDER CHAPTER 7 OF THE BANKRUPTCY CODE, OR, IN THE ALTERNATIVE, (II) APPOINTING A CHAPTER 11 TRUSTEE** |
| Affects:<br><br>☐ ALL DEBTORS<br><br>☐ HOPLITE, INC.<br><br>☒ HOPLITE ENTERTAINMENT, INC. | Hearing<br>Date:       June 2, 2021<br>Time:       10:00 a.m.<br>Place:      Courtroom 1568<br>              255 E. Temple Street<br>              Los Angeles, CA 90012 |

---

[1] This Corrected Declaration is filed to correct the jurat in accordance with 28 U.S.C. § 1746(1), given Mr. O'Connor's execution of the declaration outside of the United States of America. The remaining contents of Mr. O'Connor's original declaration remain unchanged and are restated herein.

1

I, David O'Connor, declare as follows:

1. I am over the age of 18 years and am competent and qualified to execute this declaration.

2. I am an authorized representative of XXIII Capital Limited ("**23 Capital**") and in that capacity am authorized to make this Declaration on behalf of 23 Capital.

3. I have reviewed the Motion for an Order (I) Converting this Chapter 11 Case to a Case under Chapter 7 of the Bankruptcy Code, or, in the Alternative, (II) Appointing a Chapter 11 Trustee (the "**Motion**") filed in the above-captioned case (the "**Bankruptcy**") and make this Declaration in support of the Motion.

4. Since 2018, I have been the person at 23 Capital with primary responsibility for the Loan (defined below). In that capacity, I communicated directly with Jonathan Lee Smith ("**Mr. Smith**"), the Principal of Hoplite Entertainment, Inc. ("**Hoplite Entertainment**"), regarding the Loan. I have personal knowledge of all of the facts set forth in this Declaration, and based on that personal knowledge, I assert that all facts are true and correct to the best of my knowledge.

5. 23 Capital, as lender, HLESPV, LLC ("**Borrower**"), Hoplite Entertainment, and Hoplite Studios, LLC ("**Studios**") entered into a Facility Agreement, dated December 9, 2016 (as amended, the "**Loan Agreement**") in the principal amount of $7,200,000 (the "**Loan**"). A true and correct copy of the Loan Agreement is attached hereto as **Exhibit A**.

6. As security for the Loan, Borrower and various guarantors, including Hoplite Entertainment, Studios, and Mr. Smith (collectively, the "**Obligors**") entered into that certain Guaranty and Security Agreement in favor of 23 Capital dated December 9, 2016 (as amended, the "**Guaranty and Security Agreement**," and together with the Loan Agreement and other documents entered into in connection with the Loan, the "**Loan Documents**"). A true and correct copy of the Guaranty and Security Agreement is attached hereto as **Exhibit B**.

7. Under the Guaranty and Security Agreement, Hoplite Entertainment and the other Obligors granted 23 Capital broad "all asset" liens, which were perfected by timely filed UCC-1 financing statements. A true and correct copy of the UCC-1 financing statement filed against Hoplite Entertainment is attached hereto as **Exhibit C**.

8. In the Loan Documents, Hoplite Entertainment covenanted that it would not encumber any property granted as security to 23 Capital—which included all assets of Hoplite Entertainment—and would not incur any further loans.[2]

---

[2] *See* Loan Agreement, at §§ 13.7 & 13.10; *see also* Guaranty and Security Agreement, at § 7(j).

9. In May 2020, following a payment default by the Borrower under the Loan Documents, 23 Capital entered into a forbearance agreement with the Obligors, including Hoplite Entertainment.

10. Mr. Smith made representations to 23 Capital regarding the imminent repayment of the Loan from anticipated receivables, which 23 Capital relied upon in agreeing to multiple extensions of the forbearance. In making these representations, Mr. Smith provided 23 Capital with two license agreements that were purportedly entered into between (i) Hoplite Entertainment and Screen Media Ventures, LLC dated July 1, 2020, and (ii) Hoplite Entertainment and Big Media Holdings LLC dated June 18, 2020 (collectively, the "**Falsified License Agreements**"). True and correct copies of the Falsified License Agreements provided to 23 Capital and the emails from Mr. Smith delivering the Falsified Licensing Agreements to 23 Capital are attached hereto as **Composite Exhibit D**. 23 Capital discovered later that the Falsified License Agreements had been falsified and the amounts claimed to be due Hoplite Entertainment from the licensees as set forth therein were not accurate. In short, Mr. Smith's representations that these accounts receivables existed was false and was made to fraudulently induce 23 Capital to continue to extend credit.

11. Despite repeated promises of repayment from Mr. Smith and Hoplite Entertainment, the Loan was not repaid. As of the date hereof, no less than $4,300,000.00 remains outstanding to 23 Capital under the Loan Agreement solely on account of principal and interest.

12. Unbeknownst to 23 Capital, without 23 Capital's consent, and in violation of the Loan Documents, in December 2019 and April 2020, Hoplite Entertainment borrowed funds from and granted a security interest to Columbia State Bank (the "**Columbia Bank Loans**"). The collateral pledged by Hoplite Entertainment in connection with the Columbia Bank Loans was already subject to 23 Capital's security interest.

13. Unbeknownst to 23 Capital, without 23 Capital's consent, and in violation of the Loan Documents, at some time in 2020, Hoplite Entertainment borrowed funds and granted a security interest to BondIt Media Capital (the "**BondIt Loan**"). The collateral pledged by Hoplite Entertainment in connection with the BondIt Loan was already subject to 23 Capital's security interest.

14. Unbeknownst to 23 Capital, without 23 Capital's consent, and in violation of the Loan Documents, in September 2020, Hoplite Entertainment borrowed approximately $2 million and granted a security interest to Bay Point (the "**Bay Point Loan**"). The collateral pledged by Hoplite Entertainment in connection with the Bay Point Loan was already subject to 23 Capital's security interest.

15. In connection with advancing the Bay Point Loan, Mr. Smith provided Bay Point with a

Standby Creditor's Agreement and Loan Agreement purporting to have been executed by 23 Capital (the "**Falsified Loan Documents**"), which purported to subordinate the Loan to the Bay Point Loan. A true and correct copy of the Falsified Loan Documents and the email correspondence in which the Falsified Loan Documents were delivered by Mr. Smith to a Bay Point representative is attached hereto as **Exhibit E**. The Falsified Loan Documents were not approved or signed by 23 Capital. 23 Capital did not agree to subordinate any portion of the Loan to any other lender.

16. In December 2020, Mr. Smith provided a personal financial statement to 23 Capital (the "**PFS**"), which valued his stock interest in Hoplite Entertainment at $2.7 million. A true and correct copy of the PFS is attached hereto as **Exhibit F**.

17. In mid-March 2021, I became aware of litigation in federal district court in Atlanta, Georgia commenced by Bay Point against Hoplite Entertainment, Hoplite, Inc., and Mr. Smith alleging that Mr. Smith committed fraud in inducing Bay Point to make a loan and seeking, among other things, the appointment of a receiver over Hoplite Entertainment (the "**Receivership Action**").

18. At no time prior to the Hoplite Entertainment bankruptcy filing did Hoplite Entertainment or Mr. Smith disclose to 23 Capital the existence of the Bay Point Loan, the Columbia Bank Loans, the BondIt Loan or the Receivership Action.

[*Signature Page Follows*]

Pursuant to 28 U.S.C. § 1746(1), I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 20, 2021, at London, United Kingdom.

*[signature]*

DAVID O'CONNOR

*ACTIVE 57666259v1*