RICHARD T. BAUM
State Bar No. 80889
11500 West Olympic Boulevard
Suite 400
Los Angeles, California  90064-1525
Tel:   (310) 277-2040
Fax:   (310) 286-9525

[Proposed] Attorney for Debtor and
Debtor-in-Possession HOPLITE, INC. and
Attorney for Debtor and Debtor-in-Possession
HOPLITE ENTERTAINMENT, INC.

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>HOPLITE, INC.,<br><br>        Debtor.<br>_____<br>In re<br><br>HOPLITE ENTERTAINMENT, INC.<br><br>        Debtor<br>_____<br><br>☒    Affects Both Debtors.<br><br>☐    Affects Hoplite, Inc.<br><br>☐    Affects Hoplite Entertainment, Inc.<br>_____ | No.   2:21-bk-12663 ER<br><br>Chapter 11<br><br>No. 2:21-bk-12546 ER<br><br>Chapter 11<br><br>**NOTICE OF MOTION AND MOTION FOR APPROVAL OF ENTRY INTO CONTRACT FOR POST-PRODUCTION SERVICES WITH BUFFALO 8 PRODUCTIONS, LLC; DECLARATION OF JONATHON SMITH**<br><br>**DATE:**    **June 22, 2021**<br>**TIME:**    **10:00 am**<br>**CTRM:**    **1568** |

**TO THE HONORABLE ERNEST ROBLES, UNITED STATES BANKRUPTCY JUDGE, THE UNITED STATES TRUSTEE, ALL CREDITORS, AND ALL INTERESTED PARTIES:**

---

**NOTICE OF MOTION AND MOTION FOR APPROVAL OF POST-PRODUCTION SERVICES AGREEMENT**

1   **PLEASE TAKE NOTICE** that on June 22, 2021 at 10:00 am in Courtroom 1568
2   of the United States Bankruptcy Court for the Central District of California, Los Angeles
3   Division, located at 255 East Temple Street, 15th Floor, Los Angeles, California 90012,
4   Debtors-in-Possession HOPLITE, INC. and HOPLITE ENTERTAINMENT, INC.
5   (collectively "Debtors") will move the court for an order approving their entry into an
6   agreement with Buffalo 8 Productions, LLC for the rendition of television post-
7   production services in connection with various television properties owned by the
8   Debtors which require those services in order to be finished and to be marketable.
9   Specifically, the agreement calls for the storage of servers and/or hard drives containing
10  the digital storage of the libraries of the Debtors and the insurance thereof.
11      The grounds for the motion are that the agreement may be outside the ordinary
12  course of business for these debtors and thereby may require court approval pursuant
13  to Bankruptcy Code §363(b)(1).
14      This motion is based upon this notice of motion, the attached motion, the
15  Memorandum of Points and Authorities and Declaration of Jonathan Smith attached
16  hereto, and the oral and written presentation at the hearing of evidence concerning the
17  agreement.
18      **NOTICE IS FURTHER GIVEN** that pursuant to Local Rule 9013-1(f), objections
19  or opposition to the granting of relief sought by these applications must be in writing and
20  filed with the Bankruptcy Court no later than fourteen (14) days prior to the date of the
21  hearing of the applications.  A copy of any objection or opposition must be served upon
22  the undersigned at the address first stated at the top of the first page of this notice.  Any
23  opposition must comprise a complete written statement of all reasons in opposition
24  thereto or in support or joinder thereof, declarations and copies of all photographs and
25  documentary evidence on which the responding party intends to rely, and any
26  responding memorandum of points and authorities. The opposing papers must advise
27  the adverse party that any reply to the opposition must be filed with the court and
28

**NOTICE OF MOTION AND MOTION FOR APPROVAL OF POST-PRODUCTION SERVICES AGREEMENT**
- 2 -

served on the opposing party not later than 7 days prior to the hearing on the motion. Failure to timely file and serve opposition to the motion may be considered by the Court to be a waiver of any grounds for objection and a consent to the entry of the relief sought herein.

Dated:   May 24, 2021

/s/ Richard T. Baum
_____
RICHARD T. BAUM, Attorney for Debtor-in-Possession HOPLITE ENTERTAINMENT, INC and Proposed Attorney for Debtor-in-Possession HOPLITE, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

The Debtors' business model called for them to produce scripted and unscripted reality television programs, some individual shows and others in a series, and to license the broadcast of them in various media around the world. At least 34 shows or series have been shot, most are finished and ready for licensing and distribution, and all are stored on hard drives and/or servers, and are also stored on vimeo.com. Productions on the hard drives have extra material that can be edited into the finished product while the vimeo versions are fixed.

An agreement has been reached with Buffalo 8 Productions, LLC ("Buffalo 8") to provide evaluations, storage and insurance in exchange for an administrative claim in the amount of $72,950.00 plus such extra charges as may be permissible under the attached Post-Production Services Agreement (Exhibit 1). The Debtors will deliver or already have delivered to Buffalo 8 servers and/or hard drives which comprise their libraries. Buffalo 8 agreed to provide insurance coverage under its existing policies for the servers and hard drives delivered

Because this is an extension of credit to be repaid from proceeds of the liquidation of Debtors' library as an administrative claim, pursuant to Local Bankruptcy Rule 4001-2(b), the following information is provided:

1. No cross-collateralization rights are granted;
2. If approved, the contract is binding and enforceable against the Debtors and their estates;
3. The estate does not waive any rights against any party;
4. No rights or liens are granted to Debtors' claims arising under 11 USC §§544, 545, 547, 548 or 549;
5. No part of the claim arose pre-petition;
6. No carve out is made under this contract;
7. No liens are primed.

The essential terms of the agreement are as follows:

1. Buffalo 8 will provide post-production services to assess the libraries and to provide storage for six months;

2. Buffalo 8 will provide insurance certificates naming the Debtors as additional insureds under its existing insurance policies, and naming the US Trustee as a party entitled to notice;

3. For these and other services described in the agreement, Buffalo 8 will receive an administrative claim in the amount of $72,950.00 plus incidental charges due it under the contract.

Buffalo 8 is a company owned by or affiliated with Bond It, a secured creditor of Hoplite, Inc. The position of Bond It is neither improved nor impaired by the agreement. To the best of Debtors' knowledge, no insider of Bond It or of Buffalo 8 is an insider of the Debtors.

The Debtors enter into the contract for several reasons, but the primary one is that there are insufficient cash resources to provide safe storage and insurance coverage for their libraries, or to provide any other post-production services that are required for the television shows.

For these reasons, the Debtors ask that the court approve their entry into the Post-Production Services Agreement with Buffalo 8.

DATED: May 21, 2021    HOPLITE, INC.

_____
JON SMITH, President

/s/ Richard T. Baum
_____
By RICHARD T. BAUM, Proposed Attorney for Debtor-in-Possession HOPLITE, INC. and Attorney for Debtor-in-Possession HOPLITE ENTERTAINMENT, INC.

# DECLARATION OF JONATHAN SMITH

I, JONATHAN SMITH, declare:

1. I am the President of Debtors HOPLITE ENTERTAINMENT, INC. and HOPLITE, INC. I have pesonal knowledge of the facts set forth herein and if called as a witness I could testify competently thereto.

2. I continue to handle the operations of the Debtors pending the hiring of Howard Grobstein. I will cede any control I have to him when he is hired.

3. The Debtors each maintain a library of reality-based television shows and series, some scripted and some unscripted. The episodes are stored in at least two places: hard drives and/or servers and on vimeo.com, a web-based storage site. Matters stored on the hard drives contain the finished product as well as additional footage which has been shot and which can be edited into the finished material. The versions stored on vimeo.com are the final versions only and cannot be edited in that location. There are six properties which are in need of post-production work, including video and audio editing.

4. In April 2020, the existing insurance on the businesses expired and was not renewed due to a lack of funds. In December 2020, the lease of the business premises expired and both Debtors vacated, relocating to my home in the West Hollywood area. Servers and hard drives were stored there, and some were in storage at Walla and Colour Time, post-production houses. On May 17, 2021, I negotiated a deal with Buffalo 8, a post-production facility affiliated with Bond It, a secured creditor of HOPLITE, INC., to provide storage and insurance of the libraries. A true copy of the Post-Production Services Agreement is attached as Exhibit 1. That agreement calls for Buffalo 8 to assess the data on the drives, store the servers and hard drives, and provide insurance through its existing insurance. For these services, Buffalo 8 will receive an administrative claim in the amount of $72,950.00. These services are

necessary since neither Debtor has secure storage facilities or funds for insurance.

5.  On May 17 and 18, I delivered all servers/hard drives which were stored in my home to Buffalo 8.  I am scheduled to pick up the hard drives at Walla and at Colour Time on my return to Los Angeles following attendance at a family funeral.  I will immediately deliver the materials to Buffalo 8.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 21st day of May 2021, at Los Angeles, California.

_____
JONATHAN SMITH

**NOTICE OF MOTION AND MOTION FOR APPROVAL OF POST-PRODUCTION SERVICES AGREEMENT**
- 7 -

# EXHIBIT 1

**buffalo 8**
post production
A BONDIT COMPANY

# POST-PRODUCTION SERVICES AGREEMENT

This Post-Production Services Agreement ("**Agreement**") is made as of May 17th, 2021 by and between **HOPLITE INC. & HOPLITE ENTERTAINMENT LLC** ("**Client**"), and Buffalo 8 Productions, LLC("**Buffalo 8**") with respect to Buffalo 8's post services in connection with the Hoplite Library (the "**Library**").

| DATE | SERVICE | DESCRIPTION | LINE TOTAL |
|---|---|---|---|
| 4/27/2021 | Media Library Assessment and Storage Plan | (253) Episodes of television content Verify origin files Archive and live storage plan | $72,950.00 |
| | | TOTAL: | $72,950.00 |

1. **Fee/Payment**: Deferred Amount ($72,950.00). Buffalo 8 will have an administrative claim for $72,950.00 which Buffalo 8 will be entitled to collect in a priority position from unencumbered Client assets or from an agreed upon position in the waterfall.

3. **Buffalo 8's Services; Non-Union Personnel**.  Buffalo 8 shall provide Client with the equipment, personnel, and services to provide the post-production services described in **Exhibit A** and subject to the delivery terms described below. Buffalo 8 shall hire all Buffalo 8 personnel on a non-union basis. Buffalo 8 makes no representations of the Library's union status. Any and all obligations to film guilds and/or film unions is the sole responsibility of the Client.

4.     **Buffalo 8's Post Services**.  For the purpose of this agreement, provisions allocate for post-production services as outlined below, the Post Library Bid (Exhibit A)

# EXHIBIT A



| | Unit | X | Cost Per Unit | Amount |
|---|---|---|---|---|
| **Media Asset Management** | | | | |
| Data Assessment (per asset) | Asset | 353 | $ 150.00 | $ 52,950.00 |
| LTO - Tape archives | Tapes | 20 | $ 550.00 | $ 11,000.00 |
| Active Storage - per terabyte - per 6 months | TB | 20 | $ 200.00 | $ 4,000.00 |
| Media Management - per 6 months | Unit | 1 | $ 5,000.00 | $ 5,000.00 |
| **Media Asset Management Total** | | | | $ 72,950.00 |

Buffalo 8 Post - Price Guide

Hoplite - Library Assessment & Storage Plan

**Buffalo 8 Post**
6500 Sunset Blvd
Los Angeles, CA 90028
o: 323-691-6655

**Episodes** 353
**Estimated Running Time:** 225 hrs

5. **Storage and Backups of Materials**

All Materials: Client is solely responsible to keep and maintain backup copies of all footage and data turned over to Buffalo 8. Buffalo 8 will not be responsible for inadvertent hard drive failures and inadvertent loss of materials.

Upon completing of Buffalo 8's post services, Buffalo 8 shall deliver in a form acceptable to Client (either on a hard drive or sent digitally, at clients election) the deliverables as defined herein. Buffalo 8 will not be responsible for storing Library and sound elements after the order is completed with files delivered to the Client. It is the Client's sole responsibility to backup all elements of the Library, and store them in an appropriate temperature controlled environment. If client does wish to rent long term drive space with Buffalo 8, please notify us by email. Additional charges apply.

6. **Overages**

• Additional Data Assessment Time $300 an hour.

9. **Additional Terms.**

a) Buffalo 8 Productions, LLC has sole authority over the approval and hiring of personnel to facilitate the post production work outlined in this package. Those personnel decisions include, but are not limited to, the colorists, conformist, sound supervisor, and rerecording mixer.

b) Piracy: Buffalo 8 Productions, LLC makes efforts to password protect our client's intellectual property, however, Buffalo 8 Productions, LLC will not be responsible for breaches caused by outside hacking or malicious phishing.

**10. Representations, Warranties and Covenants of Client.** Client represents, warrants and covenants to Buffalo 8 as follows:

**(a)Corporate Power.** Client is an individual in good standing, or a corporation or a limited liability company organized pursuant to the Laws of the State of California and has the full corporate right, power and authority to enter into and perform its obligations hereunder.

**(b) Due Execution and Enforceability.** This Agreement has been duly executed and delivered by Client and constitutes a legal, valid and binding obligation of Client.

**(c) No Contravention.** The execution and delivery of this Agreement does not, and the performance by Client of its obligations under this Agreement will not , to the best of Clients's knowledge, contravene any laws, regulations, or by-laws applicable thereto and all consents, licenses, approvals, authorizations or exemptions of any governmental body or regulatory authority required or advisable for or in connection with the execution, delivery or performance of Client hereunder have been obtained and are in full force and effect.

**(d) No Breach of Other Documents.** The execution, delivery and performance by Client of this Agreement will not contravene any agreement, contract or other instrument to which it is a party or by which it or its property may be bound.

**(e) Rights to the Library**.  Client has the full right, whether by ownership or by license, to hire Buffalo 8 to perform services for the Library.

**11.    Representations, Warranties, and Covenants of Buffalo 8**. Buffalo 8 represents, warrants, and covenants to Client as follows.

    11.1    **Corporate Power**.  Buffalo 8 has the full right, power, and authority to enter into and perform its obligations hereunder.

    11.2    **No Litigation**. There is no matter, litigation, tax claim, proceeding, or dispute pending or threatened against or affecting Buffalo 8 or its property, the adverse determination of which might materially and adversely affect Buffalo 8's financial condition or operations or impair Buffalo 8's ability to perform its obligations hereunder.

    11.3    **Due Execution and Enforceability**.  This Agreement has been duly executed and delivered by Buffalo 8 and constitutes a legal, valid, and binding obligation of Buffalo 8, enforceable against it in accordance with its terms.

    11.4    **No Contravention**. The execution and delivery of this Agreement does not, and the performance by Buffalo 8 of its obligations under this Agreement will not, contravene any applicable laws, regulations, or ordinances.  All consents, licenses, approvals, authorizations, or exemptions of any governmental body or regulatory authority required or advisable for or in connection with the execution, delivery or performance of Buffalo 8 hereunder have been obtained and are in full force and effect. Buffalo 8 represents and warrants that all services are original and will not infringe or violate 3rd party rights.



11.5 **No Breach of Other Documents**. The execution, delivery, and performance by Buffalo 8 of this Agreement will not contravene any agreement, contract or other instrument to which it is a party or by which it or its property may be bound.

12. **Survival of Representation and Warranties**. The representations and warranties of Buffalo 8 and Client contained herein shall survive the execution and termination of this Agreement and the delivery of the Deliverables.

13. **Work Made for Hire**. The parties acknowledge that all services provided by Buffalo 8 hereunder, including any services rendered by employees and sub-contractors of Buffalo 8, if any, and all results and proceeds thereof, shall constitute a work specially ordered or commissioned by Client for use as part of a Media Library or other audio-visual work, and all said material shall be considered a "work-made-for-hire" and Client is and will be the sole author and owner thereof and is and will be entitled to the copyright thereon (and all renewals and extensions thereof), with the right to make such changes therein and uses in accordance with United States Copyright law. Without limiting the foregoing, Buffalo 8 and Client are aware and hereby acknowledge that new rights to the results and proceeds of Buffalo 8's services hereunder may come into being and/or be recognized in the future, under law and/or in equity (collectively the "New Exploitative Rights"), and Buffalo 8 intends to and does hereby assign, grant and convey to Client any and all such New Exploitative Rights in and to such results and proceeds. Buffalo 8 and Client are also aware and do hereby acknowledge that new (and/or changed) technology, uses, media, formats, modes of transmission, and methods of distribution, dissemination, exhibition or performance (collectively the "New Exploitative Methods") are being and will inevitably continue to be developed in the future, which would offer new opportunities for exploiting such results and proceeds. Buffalo 8 intends and does hereby assign, grant and convey to Client any and all rights to such New Exploitative Methods with respect to such results and proceeds. The termination, completion or breach of this Agreement for any reason whatsoever shall not affect Client's exclusive ownership of the Work. Client shall have the right, but not the obligation, to use, adapt, change or revise any work or product of Buffalo 8 or any part thereof and to combine the same with other material or works and Buffalo 8 hereby expressly waives any so-called "moral rights" of authors in the Work which are now or hereafter may be recognized by custom, usage or law. Client shall have the full right to assign any and all of the rights Client acquires pursuant to this Agreement and Buffalo 8 hereby consents to such assignment. Buffalo 8 shall execute, acknowledge, verify and deliver to Client any further documents consistent herewith pertaining to any results or proceeds of Buffalo 8's services hereunder which Client may reasonably request and in the form Client may prescribe; provided that Buffalo 8's failure or refusal to do so shall not affect or limit any of Client's rights in such results or proceeds as set forth herein. Buffalo 8 hereby irrevocably appoints Client, whose

power is coupled with an interest, as Buffalo 8's attorney-in-fact to execute any such document in Buffalo 8's name and on Buffalo 8's behalf, after Buffalo 8's failure to execute any such document within ten business days from receipt of request to do so, and to institute and prosecute such proceedings as Client may deem expedient to secure, protect or enforce the rights Client is acquiring hereunder. Client shall promptly provide Buffalo 8 with copies of any documents so executed.  Client may sue in its own name and/or at Client's sole cost may use the name of Buffalo 8 or may join Buffalo 8 as party plaintiff or defendant in any such proceeding.   Anything in this Agreement to the contrary notwithstanding, the provisions of this Paragraph shall survive the termination, for any reason, of this Agreement.

**14.** **Mutual Indemnification.**  Buffalo 8 shall indemnify and hold Client and its affiliated and related entities and its or their successors, licensees and assigns and the owners, directors, officers, employees, agents, outside attorneys, and representatives of each of the foregoing, harmless from and against any and all liability, loss, damage, cost or expense (including, without limitation, reasonable outside attorneys' fees and costs) incurred by reason of any breach by Buffalo 8 of Buffalo 8's representations, warranties, covenants, obligations, undertakings or agreements hereunder  in connection with the development, production, and exploitation of the Library.

Client shall indemnify and hold Buffalo 8 and its affiliated and related entities and its or their successors, licensees and assigns and the owners, directors, officers, employees, agents, outside attorneys, and representatives of each of the foregoing, harmless from and against any and all liability, loss, damage, cost or expense (including, without limitation, reasonable outside attorneys' fees and costs) incurred by reason of any breach by Client of Client's representations, warranties, covenants, obligations, undertakings or agreements hereunder in connection with the development, production, and exploitation of the Library.

**15.** **Assignment.**  Buffalo 8 shall not assign this agreement; audio work will be performed by engineers employed by, managed and overseen by Buffalo 8. Client shall have the unrestricted right to assign any or all of its rights and obligations under this Agreement to any party.

**16.** **Injunctive Relief Waiver.**  In the event of a failure or omission by Client constituting a breach of its obligations hereunder, the damage, if any, caused Buffalo 8 by such breach is not irreparable or sufficient to entitle Buffalo 8 to injunctive or other equitable relief.  Consequently, Buffalo 8's sole rights and remedies hereunder shall be limited to the right, if any, to obtain damages at law and Buffalo 8 shall have no right in such event to enjoin or restrain the distribution or exhibition of the Library. For the avoidance of doubt, Buffalo 8 shall have the right to suspend

services and/or delivery of any materials to Client hereunder if any payments are not made when due and payable under this Agreement, until such payments are made.

**17.** **Disputes**. The parties agree that all disputes relating in any manner to services provided herein, or Client's obligations to us under this Agreement, will be submitted to binding arbitration by JAMS under its then-applicable rules in the City of Los Angeles. The parties agree that any award rendered as a result of such binding arbitration may be enforced pursuant to Sections 1285, et. seq., California Code of Civil Procedure, by petition brought in any court of the State of California, including, but not limited to, the courts located in Los Angeles County, California. The parties each waive whatever rights each of them might otherwise have to a jury trial with respect to the disputes referred to in this paragraph. This Agreement will be construed under the laws of the State of California for agreements fully performed in this State.

**18.** **Insurance**. Buffalo 8 will provide insurance certificates naming Hoplite, Inc and Hoplite Entertainment as additional insureds under its existing insurance policies and naming the US Trustee as a party entitled to notice — only after the receipt of the Hoplite materials have been fully confirmed by Buffalo 8 that the hard drives are in working order and the materials stored are in good condition— covering the costs of the hard drives and any other physical tapes, drives, disks, etc that are delivered. Hoplite and Hoplite's individual series will remain covered by the production and E&O insurance policies that have been bound independently and outside of this services arrangement.

**19.** **Storage & Backups of Materials**.  Client is solely responsible to keep and maintain backup copies of all footage and data that comprises their materials turned over to Buffalo 8. Buffalo 8 will not be responsible for inadvertent hard drive failures and inadvertent loss of materials. Upon assessment of Client hard drives, Buffalo 8 will list the presence of the shows/materials on the Client hard drives and share this list with Client.

**20.** **Miscellaneous**. This Agreement and its exhibits supersedes and cancels all prior negotiations and understandings between the parties, and contains all of the terms, conditions and agreements of the parties, with respect to the transactions contemplated herein. No modification of this Agreement shall be valid or binding unless in writing and executed by both parties. This Agreement and all other documents provided for herein and the rights and obligations of the parties thereto shall be governed by and construed and enforced in accordance with the laws of the State of California and the parties hereto irrevocably submit to the jurisdiction of the courts of the State of California. This Agreement shall be binding upon and inure to the benefit of Client and Buffalo 8 and their respective successors and assigns. This Agreement may be executed in any number of

counterparts and by facsimile transmission, each of which, including facsimile transmissions, when so executed and delivered shall be deemed to be an original and all of which when taken together shall constitute one and the same instrument. No waiver by either party hereto of any breach of this Agreement shall be deemed to be a waiver of any preceding or succeeding breach of the same or any other provision hereof and no waiver shall be effective unless made in writing and then only to the extent specifically set forth. The exercise of any right granted to either party hereunder shall not operate as a waiver.

IN WITNESS WHEREOF, the Client and Buffalo 8 have executed this Agreement as of the date first written above.

| **Client**: | **Buffalo 8**: |
|---|---|
| HOPLITE INC. & | |
| HOPLITE ENTERTAINMENT LLC | BUFFALO 8 PRODUCTIONS, LLC |
| _____ | _____ |
| Name: | Name: |
| Title: | Title: |
| Date: | Date: |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 11500 West Olympic Boulevard, Suite 400, Los Angeles, California 90064-1525.

A true and correct copy of the foregoing document described as   NOTICE OF MOTION AND MOTION FOR APPROVAL OF ENTRY INTO CONTRACT FOR POST-PRODUCTION SERVICES WITH BUFFALO 8 PRODUCTIONS, LLC; DECLARATION OF JONATHON SMITH  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On May 24, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Richard T Baum	rickbaum@hotmail.com, rickbaum@ecf.inforuptcy.com
Tanya Behnam	tbehnam@polsinelli.com, tanyabehnam@gmail.com;ccripe@polsinelli.com;ladocketing@polsinelli.com
Luke N Eaton	eatonl@pepperlaw.com, jacqueline.sims@troutman.com
Philip A Gasteier	pag@lnbrb.com
Jeffrey I Golden	jgolden@wgllp.com, kadele@ecf.courtdrive.com;vrosales@wgllp.com;cbmeeker@gmail.com;lbracken@wgllp.com
Eve H Karasik	ehk@lnbyb.com
Kevin P Montee	kmontee@monteefirm.com
Kelly L Morrison	kelly.l.morrison@usdoj.gov
Aditi Paranjpye	aparanjpye@cairncross.com, gglosser@cairncross.com;AParanjpye@ecf.courtdrive.com
Hamid R Rafatjoo	hrafatjoo@raineslaw.com, bclark@raineslaw.com
Faye C Rasch	frasch@wgllp.com, kadele@wgllp.com;vrosales@wgllp.com;lbracken@wgllp.com
United States Trustee (LA)	ustpregion16.la.ecf@usdoj.gov
Hatty K Yip	hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov
    ☐   Service information continued on attached page

II. <u>SERVED BY U.S. MAIL</u>)**:**
On May 24, 2021 , I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Judge Ernest Robles, 255 East Temple Street, Suite 1560, Los Angeles, California 90012
Ari Newman, Greenberg Traurig PA, 333 SE 2nd Ave, Ste 4400, 0Miami, FL 33131

    ☐   Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on May 24, 2021 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

Email to:  David M. Guess	guessd@gtlaw.com

☐   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 24, 2021 | RICHARD T. BAUM | /s/ Richard T. Baum |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2012                                                                                                                                               F 9013-3.1

**NOTICE OF MOTION AND MOTION FOR APPROVAL OF POST-PRODUCTION SERVICES AGREEMENT**

- 9 -