TROUTMAN PEPPER HAMILTON SANDERS LLP
Luke N. Eaton (SBN 280387)
Email: luke.eaton@troutman.com
Two California Plaza
350 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-3427
Telephone: 213.928.9800
Facsimile: 213.928.9850

Harris B. Winsberg (admitted *pro hac vice*)
Email: harris.winsberg@troutman.com
Alexandra S. Peurach (admitted *pro hac vice*)
Email: Alexandra.Peurach@troutman.com
Nathan T. DeLoatch (admitted *pro hac vice*)
Email: nathan.deloatch@troutman.com
600 Peachtree Street, NE, Suite 3000
Atlanta, GA 30308
Telephone: 404.885.3000
Facsimile: 404.885.3900

Attorneys for Secured Creditor
BAY POINT CAPITAL PARTNERS II, LP

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA – Los Angeles Division

| | |
|---|---|
| In re:<br><br>HOPLITE, INC., *et. al.*,<br><br>Debtors and Debtors-in-Possession. | Lead Case No. 2:21-bk-12663-ER<br><br>Chapter 11<br><br>(Jointly Administered with:<br>Case No. 2:21-bk-12546-ER) |
| In re:<br><br>HOPLITE ENTERTAINMENT, INC.,<br><br>Debtor and Debtor in Possession. | **BAY POINT CAPITAL PARTNERS II, LP'S JOINDER TO OMNIBUS REPLY OF XXIII CAPITAL LIMITED IN SUPPORT OF MOTION FOR AN ORDER (I) CONVERTING THIS CHAPTER 11 CASE TO A CASE UNDER CHAPTER 7 OF THE BANKRUPTCY CODE, OR, IN THE ALTERNATIVE, (II) APPOINTING A CHAPTER 11 TRUSTEE** |
| Affects:<br><br>☒ ALL DEBTORS<br><br>☐ HOPLITE, INC.<br><br>☐ HOPLITE ENTERTAINMENT, INC., | Hearing<br>Date: June 2, 2021<br>Time: 10:00 a.m.<br>Place: Courtroom 1568<br>255 E. Temple Street<br>Los Angeles, CA 90012 |

116375063v5

Bay Point Capital Partners II, LP ("**Bay Point**"), by and through undersigned counsel, respectfully submits its Joinder to *Omnibus Reply of XXIII Capital Limited in Support of Motion for an Order (I) Converting this Chapter 11 Case to a Case under Chapter 7 of the Bankruptcy Code, or, in the alternative, (II) Appointing a Chapter 11 Trustee* (the "**XXIII Reply**") [D.E. 67],[1] which was filed in response to the (i) *Request for Continuance of the Hearing on, or in the Alternative, Opposition to the Motion* [D.E. 43] filed by the Official Committee of Unsecured Creditors of Hoplite, Inc. (the "**Committee Opposition**"); (ii) *Opposition of the Debtor Hoplite Entertainment, Inc. to the Motion* [D.E. 46] (the "**Debtor Opposition**"); and (iii) *One Light Media Capital LLC's Response to Motion* [D.E. 44] (the "**One Light Response**") (collectively, the "**Oppositions**").

## JOINDER

Bay Point, as a secured creditor of both Hoplite Entertainment, Inc. and Hoplite, Inc., (collectively, the "**Debtors**") joins the arguments made by XXIII Capital in the XXIII Reply.[2] The Oppositions do not contest the facts presented by XXIII Capital and Bay Point. Nor can they as the District Court in the Receivership Action made numerous findings of fact and conclusions of law regarding the extensive fraud committed by the Debtors and Mr. Smith against Bay Point.

Instead, the Debtors and the Committee attempt to cure the fraud by having a CRO appointed to take over the business activities. Unfortunately, that proposed cure does not fix the

---

[1] Capitalized terms that are not otherwise defined shall have the meaning ascribed to them in the XXIII Reply.

[2] In its Opposition, the Committee, without citing any authority, claims that it is procedurally improper for Bay Point to seek to have the relief requested by XXIII Capital be granted as to Hoplite, Inc. The Committee, however, fails to explain how it can oppose the relief requested in the Hoplite Entertainment case when the Committee was only appointed in the Hoplite, Inc. case. Nor does the Committee's argument make any sense as it would leave Mr. Smith in charge of one of the two Debtor estates, a fact the Committee concedes at the end of its Opposition. *See* Committee Opposition at 11 ("If the Court is inclined, however, to appoint a chapter 11 trustee in the instant bankruptcy case, then the Committee asserts that a chapter 11 trustee should likewise be appointed in the jointly administered bankruptcy case of Hoplite, Inc."); *see also In re Think Retail Solutions,* No. 15-56153, 2019 WL 2912717, at * 1 (Bankr. N.D. Ga. July 5, 2019) (emphasizing the Supreme Court's preference "toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged") (internal citations omitted).

TROUTMAN PEPPER HAMILTON SANDERS LLP
350 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CA 90071

problem. As the United States Trustee stated in its Manual,[3] "[t]he crisis manager may not fully supplant the debtor's existing management, but must remain answerable to the debtor's **independent board of directors**."[4] Here, the CRO (whose proposed retention has not yet been sought) has no independent director(s) to take direction from. The Debtors and the Committee do not even suggest otherwise.[5] Instead, as noted in the XXIII Capital Motion and its Reply, the Directors are conflicted and not independent.[6] And Mr. Smith is still the controlling shareholder of both Debtors.[7] Thus, the Oppositions' proposed cure is deficient.[8]

In addition, the Debtors' estates continue to be grossly mismanaged. As XXIII Capital noted, the Debtors have failed to amend their bankruptcy schedules despite significant material deficiencies that came to light in the 341(a) meetings of creditors.[9] More important, the Debtors failed to maintain insurance on the TV Library, a fact that only came to light in response to questions at the 341(a) meetings of creditors.[10] Rather than immediately obtain insurance, the Debtors entered into an agreement with Buffalo 8, an affiliate of BondIT (a creditor of Hoplite Entertainment), to transfer the TV Library (its allegedly most valuable asset) to Buffalo 8's storage facility, without obtaining prior approval of this Court.[11] Buffalo 8's promise of insurance is

---

[3] The United States Trustee Program Policy and Practices Manual (the "**Manual**") is available online at https://www.justice.gov/ust/united-states-trustee-program-policy-and-practices-manual.

[4] Manual, Vol. 3, Chapter 11 Case Administration 94-95 (**emphasis supplied**).

[5] According to Mr. Smith, the Directors of the Debtors as of the Fall of 2020 were Robert Lee, Gary Dankelfson, Greg Senner and Pedro Ferre. XXIII Motion Exhibit L (Smith March 16 Depo Tr. at 25:1-25:4 & 26:3-26:8).

[6] XXIII Motion at 4-5, 8; XXIII Reply at 4.

[7] Notably, neither Mr. Smith nor any Director submitted a declaration in support of the Debtor's Opposition. Instead, Debtor's counsel submitted a declaration, attesting to facts outside of his personal knowledge.

[8] *Cf. In re 1031 Tax Group, LLC*, 374 B.R. 78 (Bankr. S.D.N.Y. 2007) (denying a motion to appoint a trustee when the chief restructuring officer was appointed pre-petition, the chief restructuring officer selected the sole manager and director of the debtors to report to, the debtors' organizational documents were amended to make clear that the principal alleged to have committed the wrongdoing could not terminate the manager or exercise management authority without bankruptcy court approval and the debtors and committee had already prepared a joint disclosure statement and plan).

[9] XXIII Motion at 7-8.

[10] XXIII Motion Exhibit I (Smith 341 Meeting of Creditors at 31) & Exhibit J (Hoplite Entertainment 341 Meeting of Creditors at 36).

[11] The Debtors just recently sought Court approval to enter into this agreement only after Bay Point complained that the Debtors should have sought Court approval before entering into this agreement and transferring the TV Library. [D.E. 63]. Bay Point reserves all rights to contest the Debtors unauthorized entry into the Buffalo 8 agreement.

conditional. The proposed agreement only requires Buffalo 8 to provide insurance "after receipt of the Hoplite materials have been fully confirmed by Buffalo 8 that the hard drives are in working order and the materials stored are in good condition…."[12] And there is no detail as to the amount of insurance available under Buffalo 8's insurance policies. Instead, the insurance appears to simply cover "the costs of the hard drives and any other physical tapes, drives, disks, etc. that are delivered."[13] Worse, under this agreement, the Debtors will be named as additional insured parties (as opposed to being named primary insureds) under Buffalo 8's insurance policies,[14] thereby potentially creating competing claims should a loss occur. For all of these reasons, an independent and experienced chapter 7 trustee is clearly needed to ensure that these bankruptcy estates are properly administered for the benefit of creditors.

///

///

---

[12] Notice of Motion and Motion for Approval of Entry into Contract for Post-Petition Production Services with Buffalo 8 Productions, LLC [D.E. 63], Exhibit 1 at Section 18.

[13] *Id.* Notably, the Debtors have failed to provide proof of any "production and E&O insurance policies that have been independently bound and outside this services arrangement" that are referenced in Section 18 of the agreement.

[14] *Id.*

- 4 -

116375063v5

## CONCLUSION

WHEREFORE, Bay Point respectfully requests entry of an Order (i) either (a) converting the Chapter 11 cases of both Hoplite, Inc. and Hoplite Entertainment, Inc. to cases under Chapter 7 of the Bankruptcy Code, or, in the alternative, (b) appointing a Chapter 11 Trustee to oversee both Hoplite, Inc. and Hoplite Entertainment, Inc.; and (ii) granting such other and further relief as is just and proper.

Dated:   May 26, 2021

TROUTMAN PEPPER HAMILTON SANDERS LLP


By:   /s/ Luke N. Eaton
    Luke N. Eaton (SBN 280387)
    Two California Plaza
    350 S. Grand Avenue, Suite 3400
    Los Angeles, CA 90071-3427
    Telephone:  213.928.9800
    Facsimile:  213.928.9850

-and-

Harris B. Winsberg (admitted *pro hac vice*)
Alexandra S. Peurach (admitted *pro hac vice*)
Nathan T. DeLoatch (admitted *pro hac vice*)
600 Peachtree Street, NE, Suite 3000
Atlanta, GA 30308
Telephone:  404.885.3000
Facsimile:  404.885.3900
harris.winsberg@troutman.com
alexandra.peurach@troutman.com
nathan.deloatch@troutman.com

Attorneys for *Bay Point Capital Partners II, LP*.